185 N.J. Super. 229 (1982)
447 A.2d 1369
STATE OF NEW JERSEY, PLAINTIFF,
v.
FRANK P. HEGYI, DEFENDANT.
Superior Court of New Jersey, Law Division Burlington County.
Decided June 11, 1982.
*230 Frank Galdo, Assistant Prosecutor, for the State (Ralph J. Tolomeo, Acting Burlington County Prosecutor, attorney).
John L. Call, Jr. for defendant (Call and Smyth, attorneys).
HAINES, A.J.S.C.
This opinion addresses the question of whether the de minimis statute, N.J.S.A. 2C:2-11, has brought summary judgment procedures to the criminal law. I conclude that it has.
Defendant Frank P. Hegyi allegedly obtained false affidavits stating that the mayor of Fieldsboro, in Burlington County, used public employees for private purposes, a crime. These affidavits were presented to the Burlington County Prosecutor for action. On the next day Hegyi called him with the advice that his office should not "waste its time" on the matter; that the persons who signed the affidavits were confused and apparently had not performed any private services for the mayor. The prosecutor, believing that knowingly false affidavits had been delivered to him, presented the matter to the grand jury. It returned three indictments against Hegyi, charging him with violating the following statutes: N.J.S.A. 2C:28-4(a) (false reports to law enforcement authorities); N.J.S.A. 2C:28-5(a)(1) (tampering with witnesses and informants); N.J.S.A. 2C:28-6(2) (fabricating physical evidence).
*231 Defendant now moves before the assignment judge for a dismissal of the prosecution under N.J.S.A. 2C:2-11, which provides, in full as follows:
The assignment judge may dismiss a prosecution if, having regard to the nature of the conduct charged to constitute an offense and the nature of the attendant circumstances, it finds that the defendant's conduct:
a. Was within a customary license or tolerance, neither expressly negated by the person whose interest was infringed nor inconsistent with the purpose of the law defining the offense;
b. Did not actually cause or threaten the harm or evil sought to be prevented by the law defining the offense or did so only to an extent too trivial to warrant the condemnation of conviction; or
c. Presents such other extenuations that it cannot reasonably be regarded as envisaged by the Legislature in forbidding the offense. The assignment judge shall not dismiss a prosecution under this section without giving the prosecutor notice and an opportunity to be heard. The prosecutor shall have a right to appeal any such dismissal.
Incorporated in Hegyi's motion to dismiss are copies of the affidavits in question, statements of witnesses and copies of the prosecutor's relevant records, obtained through discovery. Also included is a transcript of the recorded statement taken by an investigator employed by defense counsel and delivered to the prosecutor pursuant to the rules requiring reciprocal discovery. Defendant claims that these documents reflect all facts in the possession of the State; the prosecutor does not argue otherwise and has not supplemented the record.
For present purposes defendant concedes that all of the information in the material obtained from the prosecutor through discovery constitutes admissible evidence and that all of it may be considered in a light most favorable to the State. He then argues that if the matter is tried, this evidence is not sufficient to withstand a motion for acquittal made at the end of the State's case and, therefore, that the prosecution should be dismissed. The prosecutor, on the other hand, contends that summary judgment procedures are not available in criminal cases and that, in any event, the facts contained in the record supporting the motion are sufficient to raise questions for a jury.
*232 The purpose of the de minimis statute is to provide assignment judges with discretion similar to that exercised by the police, prosecutors and grand jurors who constantly make decisions as to whether it is appropriate to prosecute a particular activity which is claimed to be criminal. Report of the New Jersey Criminal Law Revision Commission, The New Jersey Penal Code: Commentary 74 (1971). The Commentary, after noting the regular use of discretion by criminal law enforcement agencies, says:
The police must constantly make decisions as to whether to arrest or, after arrest, whether to proceed with the case. Thereafter, both the Prosecutor and the Grand Jury are charged with the obligation of determining both the sufficiency of the evidence to proceed and the appropriateness of doing so....
........
The drafters [of the New Jersey Code of Criminal Justice] summarize all of this as a "kind of unarticulated authority to mitigate the general provisions of the criminal law to prevent absurd applications." In order to bring this exercise of discretion to the surface and to be sure that it is exercised uniformly throughout the judicial system, this section of the Code has been included. It should be noted that the Code uses the word "shall", meaning that if the Court makes the requisite findings, it must dismiss. [at 74]
A further and related purpose of the statute, clear from its language, is to permit the dismissal of prosecutions which are not supported by appropriate evidence. It is that purpose which the defense motion addresses.
Paragraph b of the statute authorizes the motion. It provides that the prosecution must be dismissed if the defendant's conduct "[d]id not actually cause or threaten the harm or evil sought to be prevented by the law defining the offense...." This language invites a factual analysis. Here, for example, if the facts do not show that defendant submitted false reports or tampered with witnesses or fabricated physical evidence, it could not be said that his conduct caused or threatened the harm or evil which the law sought to prevent.
This conclusion finds support in the opening paragraph of the statute, which requires the assignment judge to consider "the nature of the attendant circumstances"  in short, to review the *233 facts. Philosophically, the result is sound. A person charged with a crime which he did not commit, or against whom the prosecutor has insufficient evidence to convict, should not be required to wait until the State has presented its case to a jury before he may move for dismissal. The motion is authorized by R. 3:10-1:
... Any defense or objection capable of determination without trial of the general issue may be raised before trial by motion to dismiss or other appropriate relief.
The de minimis statute simply adds the assignment judge to the list of those who have, in the language of the Commission's Commentary, quoted above, been "charged with the obligation of determining both the sufficiency of the evidence to proceed and the appropriateness of doing so." The determination of sufficiency is obviously a fact finding and a fact weighing process.
Paragraph b of the statute applies in two situations: (1) where the conduct, though criminal, is too trivial to prosecute, e.g., stealing a penny dropped in the street, and (2) where the conduct charged is serious, warranting prosecution, but the facts will not support a conviction (e.g., X is charged with murder; the facts indicate that the crime was committed by Y; no fact connects the crime to X). The summary judgment procedure, requiring an examination of the facts, is available in both situations.
It is apparent that the procedure will not often be available. Truly trivial cases are rarely prosecuted. Non-trivial cases may be dismissed only when the State's evidence, looked upon most favorably to it, will not survive a motion for a judgment of acquittal at the close of the State's case under R. 3:18-1. This rule requires dismissal when "the evidence is insufficient to warrant a conviction." Few criminal cases, having survived the scrutiny of the police, the prosecutor and the grand jury, will meet this test. The present case is illustrative.
*234 The record submitted by defendant contains a statement by a prospective witness that he advised defendant, before he presented the affidavits to the prosecutor, that they were not accurate. The affidavits themselves were made by teenagers who were pursued by defendant; the affiants now say that they are not true. The facts, therefore, particularly when read most favorably to the prosecution, do not meet the statutory test; they would not support a motion for acquittal at the end of the State's case. A jury question is presented and the motion must therefore be denied.