197 N.J. Super. 531 (1984)
485 A.2d 345
STATE OF NEW JERSEY, PLAINTIFF,
v.
BERNARD S. NEVENS, DEFENDANT. STATE OF NEW JERSEY, PLAINTIFF,
v.
HAROLD HAWKINS, DEFENDANT.
Superior Court of New Jersey, Law Division (Criminal), Atlantic County.
Decided September 11, 1984.
*532 Joseph Costantini, for the State.
Scott E. Becker for defendant Nevens (Horton, Becker & Lands, attorneys).
Jack J. Zappacosta, Deputy Attorney General, for the State (Irwin I. Kimmelman, Attorney General of New Jersey, attorneys).
Kohath K. Shuler, for defendant Hawkins.
GRUCCIO, A.J.S.C.
The above captioned matters come before this court on application for dismissal pursuant to N.J.S.A. 2C:2-11, the de minimis *533 statute. The first action, State v. Nevens, represents an appeal from a determination of guilt in Atlantic City Municipal Court and is illustrative of a situation in which N.J.S.A. 2C:2-11 is applicable. The second action, State v. Pair and Hawkins, is before the court on motion to dismiss an indictment and represents a case in which the provisions of N.J.S.A. 2C:2-11 are not applicable. The court has elected to treat both cases in a single opinion in order to highlight the difference between a de minimis infraction and a non-de minimis infraction.
Nevens was convicted of theft for taking two bananas, an orange, an apple, and a pear from the Cornucopia Buffet at the Golden Nugget Casino/Hotel. Nevens appeals his conviction and the imposition of a $25.00 fine on the ground that the infraction was de minimis and thus within the purview of N.J.S.A. 2C:2-11.
Nevens' conviction was based on the following facts. Nevens and his wife were eating lunch at the Cornucopia Buffet in the Golden Nugget on November 16, 1983. At one point during the meal Nevens left his wife at their table. During his absence, an employee of Golden Nugget approached Nevens' wife and informed her that she could not take any food with her when she left the restaurant. When Nevens returned to the table his wife informed him that she had been startled by the employee. Nevens contends that his wife failed to inform him that she had been instructed not to take any food when she left the dining room. Nevens states that he and his wife were continually harassed during their meal by employees at the Cornucopia Buffet and that a hostile verbal exchange between Nevens and one employee occurred. It is alleged that as a result of this harassment Nevens and his wife decided to leave the buffet with the fruit and eat it outside. As he was leaving, Nevens paid the cashier for his meal and his wife's meal. A security guard attempted to detain Nevens and his wife as they left but Nevens continued to leave the hotel and was ultimately stopped *534 by security out on the boardwalk. At that point, Nevens demanded that the Atlantic City police be called before he would be searched. Contrary to claims by one employee that Nevens had been wrapping up danish and rolls, Nevens only possessed fruit when he was searched. Nevens was arrested and charged with theft under N.J.S.A. 2C:20-3 (theft by taking possession of certain movable property). Nevens was found guilty in Atlantic City Municipal Court and this appeal ensued.
After reviewing the transcript in this matter, the court concludes that the complaint against Nevens should be dismissed.
N.J.S.A. 2C:2-11 provides:
The assignment judge may dismiss a prosecution if, having regard to the nature of the conduct charged to constitute an offense and the nature of the attendant circumstances, it finds that the defendant's conduct:
a. Was within a customary license or tolerance, neither expressly negated by the person whose interest was infringed nor inconsistent with the purpose of the law defining the offense;
b. Did not actually cause or threaten the harm or evil sought to be prevented by the law defining the offense or did so only to an extent too trivial to warrant the condemnation of conviction; or
c. Presents such other extenuations that it cannot reasonably be regarded as envisaged by the Legislature in forbidding the offense. The assignment judge shall not dismiss a prosecution under this section without giving the prosecutor notice and an opportunity to be heard. The prosecutor shall have a right to appeal any such dismissal.
Although N.J.S.A. 2C:2-11 provides that the assignment judge "may" dismiss a prosecution if the provisions of (a), (b), and (c) are satisfied, there is a split in authority as to whether the statute is mandatory or discretionary. In State v. Brown, 188 N.J. Super. 656, 672 (Law Div. 1983), the court discussed at length the decision of the New Jersey Legislature to use the word "may" rather than the word "shall," which was used in the Model Penal Code. Based on this affirmative act of the Legislature, Brown concluded that the Legislature intended N.J.S.A. 2C:2-11 to be discretionary. See also State v. Smith, 195 N.J. Super. 468 (Law Div. 1984). A contrary opinion was expressed in State v. Evans, 193 N.J. Super. 560, 564 (1984), wherein the court held that a mandatory reading of N.J.S.A. *535 2C:2-11 is necessary since a discretionary reading of the statute "would permit a denial of the dismissal remedy, notwithstanding the innocence of the defendant." It is not necessary that this court take a position on this issue. For the reasons set forth herein, the motion for dismissal in State v. Nevens should be granted and the motion for dismissal in State v. Hawkins should be denied regardless of whether N.J.S.A. 2C:2-11 is mandatory or discretionary.
Under the circumstances of State v. Nevens, dismissal is indicated by application of either part (a), (b), or (c) of N.J.S.A. 2C:2-11. With respect to part (a), Nevens merely took some fruit for his wife and himself to have for dessert. It is undisputed that Nevens could have eaten as much fruit as he wanted if he stayed inside the restaurant. Nevens stated that his custom when he attends buffets in other Atlantic City Casino/Hotels is to take some fruit when he leaves. While the practice of other restaurants does not dictate the behavior at the Cornucopia Buffet, it is also true that no signs were posted indicating that no food could be taken out of the restaurant. Knowledge will not be imputed to Nevens based on the instructions given to his wife. For these reasons, the complaint should be dismissed based on N.J.S.A. 2C:2-11(a).
Without question, Nevens' actions should be exempt from prosecution under N.J.S.A. 2C:2-11(b). Nevens did not attempt to take enough food to satisfy even one additional meal for either himself or his wife. He merely took some fruit which he intended to eat as soon as he left. He was not stockpiling food. He stated under oath that he did not intend to steal anything. He also stated that he would have remained in the restaurant to eat the fruit if he and his wife had not been harassed. Clearly, N.J.S.A. 2C:20-3 was not intended to punish Nevens' behavior in this case. Nevens did not intend to steal anything and the court finds that Nevens' conduct in taking the fruit may even have been precipitated by behavior of the Golden Nugget employees. Nevens fully intended to pay for his meal, which he did when he left. His payment entitled him to stay in the *536 restaurant for whatever time it took for him to eat his meal. There was also no limit on the amount of food he could eat while he remained in the restaurant. The transcript of the municipal court hearing indicates that Nevens and his wife may have been in the restaurant for as long as two hours or more. It also appears that the employees of the Golden Nugget may have harassed Nevens and his wife in order to encourage them to leave since they were spending so much time there. One employee conceded that she approached Nevens' wife when she saw how much food was on her plate out of suspicion that Nevens' wife might place some food in a bag which she had next to her. Employees of buffet-type restaurants should not be permitted to harass people into leaving before they are ready. Although it is true that Nevens did take fruit with him when he left and that such behavior may be prohibited at buffet-type restaurants, it is also true that under N.J.S.A. 2C:2-11:
... the assignment judge is permitted to consider "attendant circumstances", i.e., facts surrounding the charge and not necessarily set forth in the indictment. Further, he is permitted to find that the conduct did not cause the harm. This language does not restrict the defendant's evidence; on the contrary, it invites a full exposition of the facts. (emphasis in original) [State v. Robert E. Evans, supra, 193 N.J. Super. at 566.]
Under these circumstances it is easy to see how Nevens and his wife might have decided to leave sooner than they originally intended. The Legislature could not have intended to punish Nevens whose offending conduct was caused by harassment from the party alleging the offense. For these reasons, Nevens' conviction should be reversed and the complaint dismissed based on part (b) and (c) of N.J.S.A. 2C:2-11.
A consideration of all of the attendant circumstances in this case convinces the court that Nevens did not cause the harm which N.J.S.A. 2C:20-3 seeks to prevent.
The second matter before the court, State v. Hawkins, presents a situation in which the defendant Hawkins engaged in behavior which cannot be classified as de minimis under N.J.S.A. 2C:2-11. Specifically, Hawkins is charged with two *537 counts of swindling and cheating at casino gaming in violation of N.J.S.A. 5:12-113a. The conduct resulting in the charges against Hawkins occurred on two separate occasions. On November 11, 1983 Hawkins was observed playing slot machines in the Sands Hotel Casino in Atlantic City by in-house security personnel and employees of the Division of Gaming Enforcement. It appears from the record that Hawkins employed a specific technique while playing slot machines designed to maximize his chances of winning. The technique consisted of playing a slot machine in a normal fashion until one or more winning reels were displayed on the slot machine window. At that point, Hawkins changed his technique of pulling the slot machine handle. Instead of pulling the handle in one continuous motion so that all of the reels would release, Hawkins pulled the handle with his right hand until he reached a point just above the point at which the reels would release. Hawkins then grabbed the handle with his left hand and struck down on the handle with a forceful inward blow. The result of this technique was that the first, and sometimes the second, reel on the machine would freeze in position. When the first and second reels have potentially winning combinations displayed, the use of this technique significantly increases the player's chances of winning. Hawkins was arrested by Division of Gaming Enforcement personnel after his behavior at the slot machine was videotaped.
Notwithstanding his arrest, Hawkins continued to employ the technique he used at the Sands Casino. On January 11, 1984 Hawkins was expelled from Resorts International Hotel Casino after being informed that his method of playing slot machines was considered illegal. Later that same day Hawkins was observed playing slot machines at Harrah's Hotel Casino. He was videotaped while using the technique described above and then arrested.
Hawkins was originally indicted along with a codefendant for conspiracy to engage in swindling and cheating and for swindling and cheating. This indictment was dismissed after a *538 superseding indictment was returned against Hawkins only, which charged him with two counts of swindling and cheating. Hawkins then filed the present motion for dismissal under N.J.S.A. 2C:2-11. At oral argument Hawkins argued that his method of pulling the slot machine handle does not fall within the definition of swindling and cheating contained in N.J.S.A. 5:12-113. This argument should have properly been raised as a defense to the charge under N.J.S.A. 2C:2-4(c). Motions based on N.J.S.A. 2C:2-11 accept as true the allegations contained in the indictment and acknowledge that the alleged conduct "... technically establishes the commission of a crime ..." but "... was a trivial matter or did not cause or threaten the result which the criminal statute is designed to prevent." State v. Brown, 188 N.J. Super. 656, 671 (Law Div. 1983). Hawkins has failed to specify upon which section of N.J.S.A. 2C:2-11 he is relying in making his motion to dismiss. The arguments advanced by Hawkins at oral argument appear to address themselves to N.J.S.A. 2C:2-11(a) and (b) and Hawkins' motion shall be treated as if these provisions were explicitly set forth.
N.J.S.A. 2C:2-11(a) permits dismissal of a prosecution if the defendant's conduct "was within a customary license or tolerance neither expressly negated by the person whose interest was infringed nor inconsistent with the law defining the offense." The attempts by Hawkins to manipulate the handles of slot machines in order to cause it to function improperly represent conduct proscribed by N.J.S.A. 5:12-113, which provides:
Except as provided in subsection (b), any person who by any trick or sleight of hand performance, or by a fraud or fraudulent scheme, cards, dice of device, for himself or for another wins or attempts to win money or property or a representative of either ... is guilty of a crime of the fourth degree....
As hereinbefore stated, Hawkins must accept as true the allegations against him in order to properly move for dismissal under N.J.S.A. 2C:2-11. Since the facts reveal that Hawkins was informed on several occasions that the method he used for playing slot machines was illegal, the court finds that his conduct was not "within a customary license or tolerance." *539 Indeed, the use of his method was explicitly described as illegal by the Division of Gaming Enforcement and by security at the Sands Casino, Resorts International Casino, and Harrah's Casino. Consequently, dismissal based on the provisions of N.J.S.A. 2C:2-11(a) is unjustified.
In addition, application of N.J.S.A. 2C:2-11(b) to the facts of this case does not warrant dismissal of the prosecution. Hawkins' conduct clearly threatened the harm which the Legislature sought to prevent when it enacted N.J.S.A. 5:12-113(a). By its terms, N.J.S.A. 5:12-113(a) and the Casino Control Act in its entirety evince legislative efforts to maintain integrity and honesty in the operations of the casino gaming industry. These efforts are aimed at the owners of gambling establishments as well as the patrons of gambling establishments. The conduct of Hawkins in playing slot machines is an attempt to subvert the intention of the Legislature and the honesty of the gaming industry. Attempts to cause slot machines to malfunction are precisely the type of conduct which the Legislature sought to prevent. Hawkins' motion to have the court dismiss his indictment is without merit and is hereby denied.