216 N.J. Super. 231 (1987)
523 A.2d 284
STATE OF NEW JERSEY, PLAINTIFF-APPELLEE,
v.
WILLIAM ZARRILLI, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Law Division Burlington County.
Decided January 5, 1987.
*233 Nancy Mahony, for plaintiff (W. Cary Edwards, Attorney General of the State of New Jersey, attorney).
Terrianne Duda for plaintiff (Stephen G. Raymond, Burlington County Prosecutor, attorney).
Timothy P. Beck for defendant (Moss, Powers & Lezenby, attorneys).
HAINES, A.J.S.C.:
St. Charles Borromeo Church was licensed by the Division of Alcoholic Beverage Control ("Division") to sell beer at a fair held on church premises. William Zarrilli, a 20-year-old college student attended the fair and took one sip from a cup of beer purchased by a friend. Another patron of the fair was the Director of the Division who observed Zarrilli's conduct and thereafter signed a municipal court complaint charging Zarrilli with underage consumption of alchoholic beverages on licensed premises, a disorderly offense. N.J.S.A. 33:1-81(b).
Zarrilli admitted the facts but moved before the municipal court for a dismissal of the complaint, pursuant to N.J.S.A. 2C:2-11, on the ground that the offense was de minimis. The motion was denied (necessarily, since only the assignment judge is permitted to honor such a motion); a conviction followed. Zarrilli was fined $100 and his driving privileges were revoked for six months, the minimum mandatory sentence under the statute. This appeal followed.
Zarrilli, in arguing here for a de minimis dismissal, points to his clean record, the very modest amount of beer consumed and the severity of the penalty. He is particularly disadvantaged by the six-month license suspension because he commutes to college.

A. The de minimis statute and case law.

N.J.S.A. 2C:2-11 provides in pertinent part:

*234 The assignment judge may dismiss a prosecution if, having regard to the nature of the conduct charged to constitute an offense and the nature of the attendant circumstances, it [sic] finds that the defendant's conduct:
....
b. Did not actually cause or threaten the harm or evil sought to be prevented by the law defining the offense or did so only to an extent too trivial to warrant the condemnation of conviction....
This provision has been addressed in three reported New Jersey cases:
(1) State v. Brown, 188 N.J. Super. 656 (Law Div. 1983). Brown, a State prisoner, was indicted for possession of 65/100 of a gram of cocaine. The court, after reviewing de minimis decisions in other states, held:
Defendant's possession did "actually cause or threaten the harm or evil sought to be prevented by the law." Mere possession of cocaine is a high misdemeanor. Unlawful possession of it in any amount is a serious, not a trivial offense. It is particularly so when as in this case the possession is by a prisoner in a penal institution. Security and safety considerations in a prison atmosphere magnify the significance of the statutory violation. [at 669].
(2) State v. Smith, 195 N.J. Super. 468 (Law Div. 1984). Smith was indicted for shoplifting: stealing 3 pieces of bubble gum. He moved for dismissal on de minimis grounds. The court, citing the statutory requirement that it have "regard to the nature of the conduct charged to constitute the offense and the nature of the attendant circumstances," held that "(e)very surrounding fact is entitled to consideration, not for its sympathetic import, but for such legitimate influence it may have in honoring the legislative intent." Id. at 473-474. It therefore considered the potential damage to defendant's engineering career, his public humiliation, substantial legal expenses, loss of reputation and the trivial amount stolen. Id. at 472, 474. It dismissed the indictment.
The court discussed deterrence as a factor to be considered but said that it was only a factor. It held:
The Legislature has by its enactment indicated its intention that trivial matters should be dismissed when the "condemnation of conviction" is not warranted. The use of the word condemnation is significant. It means reprobation or censure. The Legislature in recognition of the serious consequences which may attend a conviction has granted this dismissal option to avoid an injustice in a *235 case of technical but trivial guilt. The goal of a judge in exercising judicial discretion is a just result. He is to "use the authority reposed in him when the essential requisites for its exercise exist and the justice of the course is apparent." Cortese v. Cortese, 10 N.J. Super. 152, 158 (App.Div. 1950). This is such a case. [Id. at 477; citation omitted]
(3) State v. Nevens & Hawkins, 197 N.J. Super. 531 (Law Div. 1984) (Separate cases consolidated for the purpose of contrasting judicial responses to de minimis motions).
Nevens was charged with the theft of a small amount of fruit from a buffet at an Atlantic City casino. He had paid for the buffet, had been harrassed by casino employees for his leisurely disposition of the meal and left with a small amount of fruit to enjoy it elsewhere. The court dismissed the complaint saying: "The Legislature could not have intended to punish Nevens whose offending conduct was caused by harassment from the party alleging the offense." Id. at 536.
Hawkins motion was denied. He was charged with a gaming offense under N.J.S.A. 5:12-113 a. He cheated a casino by using a special technique when pulling down the handle of a slot machine, thereby increasing the odds in his favor. The court held that his conduct "clearly threatened the harm which the Legislature sought to prevent" when it enacted the gaming statute, a statute reflecting "legislative efforts to maintain integrity and honesty in the operations of the casino gaming industry." Id. at 539.
Smith and Brown both cited State v. Park, 55 Hawaii 610, 525 P.2d 586 (Sup.Ct. 1974), which lists factors to be considered in addressing a de minimis motion. Those factors are:
(a) Defendant's background, experience and character as indications of whether he or she knew or should have known the law was being violated.
(b) Defendant's knowledge of the consequences of the act.
(c) The circumstances surrounding the offense.
(d) The harm or evil caused or threatened.
(e) The probable impact of the violation on the community.
(f) The seriousness of the punishment.
(g) Possible improper motives of the complainant or prosecutor.
(h) Any other information which may reveal the nature and degree of culpability. [525 P.2d at 591]

*236 B. Analysis.

The applicable portion of the statute permits a dismissal of the prosecution if defendant's conduct "(d)id not actually cause or threaten the harm or evil sought to be prevented by the law defining the offense or did so only to an extent too trivial to warrant the condemnation of conviction." N.J.S.A. 2C:2-11 b. Brown and Hawkins, when denying motions to dismiss, emphasized the fact that the particular conduct actually "caused or threatened the harm or evil sought to be prevented." In short, they found that defendants had actually performed the prohibited acts, that they were guilty. This does not seem helpful.
When a de minimis motion is addressed it must be assumed that the conduct charged actually occurred. The motion does not provide a setting for a determination of guilt or innocence. The present case illustrates the point and is typical of cases involving de minimis motions. It must be conceded here that Zarrilli's conduct actually caused or threatened the harm sought to prevented by the law: the underage consumption of alcohol on licensed premises. It is only the second clause in the statute which needs to be confronted: did the conduct cause or threaten the harm "only to an extent too trivial to warrant the condemnation of conviction"? The problem is one of definition. What is "trivial" in a given case?
The Oxford English Dictionary (1971) provides a nondispositive beginning to the answer in its definition of "trivial":
Of small account, little esteemed, paltry, poor; trifling, inconsiderable, unimportant, slight.
It is helpful to keep these synonyms in mind when making the statutorily required examination of "attendant circumstances." That term can be read too broadly if one forgets that such circumstances are considered only as a means to an end, the end being a definition of what is trivial in a given situation. When the means-end approach is appreciated the scope of the "attendant circumstances" to be examined is limited.
*237 The history of the de minimis statute, set forth at length in Brown, is of little assistance in defining trivial. The Senate Judiciary Committee statement accompanying Senate Bill 738, which became our Code of Criminal Justice, referred to it only as "a provision whereby an assignment judge may dismiss a prosecution if the facts of a particular case indicate a technical violation of a statute and conviction would be inappropriate." The New Jersey Penal Code, Final Report of the New Jersey Criminal Law Revision Commission, vol. I at 23, vol. II, Commentary said, of the statutory provisions being considered here:
Subsection b is the situation where the conduct literally comes within the section as drafted but only to an extent which is too trivial to warrant the condemnation of a conviction. [at 74]
These comments ignore the question of whether the conduct "actually caused or threatened the harm or evil sought to be prevented." They consider only the issue of triviality. That is the approach used here.
Looking for clues to legislative intent in the language of the criminal statute violated by defendant is not helpful. The de minimis statute applies to all prohibited conduct. It is not limited to specified crimes or disorderly offenses. Some criminal conduct may therefore be "trivial" while some disorderly conduct may not.
It is argued here that the Alcoholic Beverage Law, by virtue of its numerous severe provisions restricting conduct involving minors, makes the drinking of even one sip of beer on licensed premises a nontrivial offense. The argument overlooks the fact that the de minimis statute does not exempt the Alcoholic Beverage Law from its application, that it is a later enactment, and that it covers all disorderly offenses as well as crimes. Strong legislative concerns about many kinds of misconduct may be evidenced by severe penalties, statutory language and legislative history; if such evidence is to be the test of trivia, few, if any, offenses would be subject to the de minimis rule. Shoplifting, for example, is a significant problem for merchants *238 and a disorderly offense for which fines and, eventually, imprisonment is provided. N.J.S.A. 2C:20-11. Arguably, the penalties are more severe than those imposed upon a minor who consumes an alcoholic beverage on licensed premises. Nevertheless, the theft of three pieces of bubble gum, a shoplifting offense, was found, correctly I believe, to be de minimis. Brown, supra.
Speculation is not appropriate. Every trivial offense can be seen as the first step toward serious misconduct. One sip of beer, for example, may be followed by many more, by driving and by an accident and by death. Stealing three pieces of bubble gum may lead to more significant thefts, signalling the beginning of a shoplifting career. Suspicion that future misconduct may occur is not a basis for a charge of present misconduct in our system of justice. In Papachristou v. Jacksonville, 405 U.S. 156, 92 S.Ct. 839, 31 L.Ed.2d 110 (1972), the Supreme Court struck down a vagrancy ordinance on constitutional grounds. It noted that the ordinance was based upon a suspicion of future criminal activity; it permitted a person to be charged with vagrancy when the existence of an offense could not be proved and on the ground that one might occur. The Court said: "The implicit presumption in these generalized vagrancy standards  that crime is being nipped in the bud  is too extravagant to deserve extended treatment." Id. at 171, 92 S.Ct. at 848.
Enforcers may prefer to make an arrest as soon as a violator has taken the first step in a supposed continuing course of misconduct  the shoplifter before he takes more than three pieces of bubble gum, the beer drinker before he consumes more than one sip of beer. Enforcement practices and preferences, however, cannot be determinants of triviality, particularly when they are based upon speculation and suspicion.
Deterrence is a sentencing concern. It is one of the purposes of punishment. It does not measure triviality.
*239 Defendant's knowledge that conduct is prohibited and punishable is not a relevant consideration. The Legislature, in adopting the de minimis statute, did not distinguish the trivial from the significant on the basis of knowledge. Most prohibited criminal acts, for example, may be prosecuted only if they are purposeful, knowing, reckless or negligent. N.J.S.A. 2C:2-2. They are nevertheless subject to the de minimis rule.
Individual background and character are sentencing considerations and doubtful indicators of the trivial. They may work in reverse, if the individual is the measure. A "bad actor" with a long criminal career may be guilty of misconduct which to her is of no moment, while the same conduct, committed by a tender innocent may be the opposite. Arguably, the minor misconduct of a "bad actor" is of greater concern to society than the same act committed by an innocent because it is more likely to lead to serious criminal activity. That argument is at best tenuous, but it brings us to the one test which is basic to the de minimis inquiry.
Our Constitution provides that "(g)overnment is instituted for the protection, security and benefit of the people...." N.J.Const. (1947), Art. I, ¶ II. Laws adopted by the Legislature are expected to follow this principle. The de minimis statute is such a law. It must be read as permitting the dismissal of prosecutions only if society as a whole  "the people"  will be benefited and protected. The benefit of dismissal is not difficult to describe: it consists of the value to society of a citizen who is not tainted with a conviction of criminal or disorderly conduct and the saving of judicial resources resulting from the avoidance of prosecution. The protection to which society is entitled is provided by a dismissal only when the offense is truly "trivial." Consequently, it is public risk that determines what is trivial. The one question to be asked and answered in response to a de minimis motion is therefore:
What is the risk of harm to which society is exposed by defendant's conduct?
Subordinate factors which contribute to the answer are the following:

*240 (a) The circumstances surrounding the commission of the offense, excluding the inappropriate factors discussed above. These may reveal an unacceptable social risk. Possession of a small amount of cocaine in a prison setting is a circumstance strongly inhibiting a dismissal.
(b) The existence of contraband.
(c) The amount and value of property involved.
(d) The use or threat of violence.
(e) The use of weapons.
Other factors may appear in a given case but it is unlikely that any will be more than a subset of the paramount test: the risk of harm to society.

C. Application of the rule here.

William Zarrilli consumed a single sip of beer while attending a church function. To how much harm did this expose society? Little, if any. The single sip did not turn Zarrilli into a menacing person, endangering others. The surroundings were clearly benevolent. Beer is not contraband in any accepted sense and is prohibited to minors only on licensed premises. The beer was small in quantity and of little value. No violence or weapons were involved.
The conclusion is inescapable: the harm to society caused or threatened by William Zarrilli's conduct was so minimal as not to warrant the condemnation of a conviction. It was de minimis. The complaint against him must be dismissed.