259 N.J. Super. 372 (1992)
613 A.2d 508
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
JAMES F. ZAHL, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Law Division (Criminal), Monmouth County.
Argued May 15, 1992.
Decided May 18, 1992.
*373 Susan J. Weiss, attorney, argued the cause for defendant-appellant (Carton, Witt, Arvanitis & Bariscillo, attorneys).
Pamela King, Legal Assistant, argued the cause for plaintiff-respondent (John A. Kaye, Monmouth County Prosecutor, attorney).

*374 OPINION
MILBERG, A.J.S.C.
In this municipal court appeal the defendant has filed a de minimis motion to dismiss his conviction in the municipal court for simple assault contrary to N.J.S.A. 2C:12-1a. A de minimis motion to dismiss the prosecution was not filed prior to the defendant's conviction.
Before the court addresses the merits of the defendant's motion, it is necessary for the court to decide whether the de minimis statute authorizes the Assignment Judge to dismiss a conviction, a question not heretofore been addressed by our courts. I conclude that it does not.
N.J.S.A. 2C:2-11, the so-called de minimis statute, provides in full as follows:
"The assignment judge may dismiss a prosecution if, having regard to the nature of the conduct charged to constitute an offense and the nature of the attendant circumstances, it finds that the defendant's conduct:
a. Was within a customary license or tolerance, neither expressly negated by the person whose interest was infringed nor inconsistent with the purpose of the law defining the offense;
b. Did not actually cause or threaten the harm or evil sought to be prevented by the law defining the offense or did so only to an extent too trivial to warrant the condemnation of conviction; or
c. Presents such other extenuations that it cannot reasonably be regarded as envisaged by the Legislature in forbidding the offense. The assignment judge shall not dismiss a prosecution under this section without giving the prosecutor notice and an opportunity to be heard. The prosecutor shall have a right to appeal any such dismissal."
In two New Jersey reported cases the assignment judge considered a defendant's de minimis motion subsequent to the defendant's conviction. In neither case did the court address whether N.J.S.A. 2C:2-11 authorizes the assignment judge to do so. State v. Neves, 197 N.J. Super. 531, 485 A.2d 345 (Law Div. 1984), State v. Zarrilli, 216 N.J. Super. 231, 523 A.2d 284 (Law Div. 1986), aff'd 220 N.J. Super. 517, 532 A.2d 1131 (App. Div. 1987).
*375 In every case involving the application of the statute it is the function of the court to ascertain the intention of the Legislature from the plain meaning of the statute and to apply it to the facts as it finds them. A clear and unambiguous statute is not open to construction or interpretation. Watt v. Mayor and Council of Borough of Franklin, 21 N.J. 274, 277, 121 A.2d 499 (1956). In Watt the Court stated that the need for construction of a statute arises in two instances. First, when statutes on their face are clear and unequivocal but in light of related legislation and of the surrounding facts and circumstances of the case in which they are applicable, the true meaning becomes indefinite or obscure; second, when the meaning of the statute is obviously obscure or doubtful and the language used is per se capable of dual interpretation. When these two circumstances appear, the court is at liberty to interpret the statute but it is the court's solemn duty to seek out and give effect to the legislative intent through the aids available. Id. at 277, 278, 121 A.2d 499.
This court is required to determine whether the Legislature in N.J.S.A. 2C:2-11 intended that the words "dismissing a prosecution" includes "dismissing a conviction".
The purpose of the de minimis statute was set forth in State v. Hegyi, 185 N.J. Super. 229, 447 A.2d 1369 (Law Div. 1982). The court stated:
"The purpose of the de minimis statute is to provide assignment judges with discretion similar to that exercised by the police, prosecutors and grand jurors who constantly make decisions as to whether it is appropriate to prosecute a particular activity which is claimed to be criminal. Report of the New Jersey Criminal Law Revision Commission, The New Jersey Penal Code: Commentary 74 (1971). The Commentary, after noting the regular use of discretion by criminal law enforcement agencies, says:
`The police must constantly make decisions as to whether to arrest or, after arrest, whether to proceed with the case. Thereafter, both the Prosecutor and the Grand Jury are charged with the obligation of determining both the sufficiency of the evidence to proceed and the appropriateness of doing so ...
........
The drafters (of the New Jersey Code of Criminal Justice) summarize all of this as a `kind of unarticulated authority to mitigate the general provision of the *376 criminal law to prevent absurd applications. In order to bring this exercise of discretion to the surface and to be sure that it is exercised uniformly throughout the judicial system, this section of the Code has been included. It should be noted that the Code uses the word "shall", meaning that if the Court makes the requisite findings, it must dismiss (at 74).'"
It was the intention of the Legislature in enacting the de minimis statute to provide assignment judges with the discretion to dismiss certain criminal charges and not create a vehicle for an appeal from a conviction. It was stated in Hegyi on page 233, 447 A.2d 1369:
"The de minimis statute adds the assignment judge to the list of those who have, in the language of the Commission's Commentary, quoted above, been `charged with the obligation of determining both the sufficiency of the evidence to proceed and the appropriateness of doing so.' The determination of sufficiency is obviously a fact finding and a fact weighing process."
N.J.S.A. 2C:2-11 authorizes the assignment judge after reviewing the factual allegations to exercise the judge's discretion and enter an order of dismissal. The statute does not purport to advance the stage of a criminal process where the defendant can establish his innocence.
In State v. Brown, 188 N.J. Super. 656, 671, 458 A.2d 165 (Law Div. 1983) the court stated:
"The statute is directed to a discretionary right in the interest of basic justice to abort appropriate prosecutions which would technically warrant conviction. It does not authorize the assignment judge to determine that, as a matter of law, a defendant is innocent on the basis of evidence other than that heard by the grand jury." Emphasis added.
Prosecution has been defined as "a proceeding instituted and carried on by due course of law before a competent tribunal for the purpose of determining the guilt or innocence of a person charged with a crime." Black's Law Dictionary, 4th Ed. 1951.
The court in State v. Smith, 195 N.J. Super. 468, 480 A.2d 236 (Law Div. 1984) stated on page 477, 480 A.2d 263:
"The Legislature has by its enactment indicated its intention that trivial matters should be dismissed when the `condemnation of conviction' is not warranted. The use of the word condemnation is significant. It means reprobation or censure. The Legislature in recognition of the serious consequences which may attend a conviction has granted this dismissal option to avoid an injustice in a case of technical but trivial guilt."
*377 Here the tribunal was the municipal court which has already determined the guilt of the defendant who has been charged with a crime.
I cannot find any statutory justification for the assignment judge to substitute his judgment for that of the trier of the facts. Here the trier of the facts has found the defendant guilty and it is not the function of this court to reverse that conviction under the de minimis statute.
I conclude that it was the intention of the Legislature to restrict de minimis motions to dismissals of prosecutions and not to include dismissals of convictions.
Accordingly, for the reasons set forth in this Opinion, the defendant's motion made pursuant to N.J.S.A. 2C:2-11 to dismiss the conviction as de minimis is denied.