140 N.J. Super. 202 (1976)
356 A.2d 10
LULU SMITHEY, PERSONALLY AND AS ADMINISTRATRIX AD PROSEQUENDUM OF THE ESTATE OF LEGRAND SMITHEY, PLAINTIFF-APPELLANT,
v.
THE JOHNSON MOTOR LINES, WILLIE CLARENCE SMITH, ET AL., DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued March 1, 1976.
Decided March 17, 1976.
*205 Before Judges ALLCORN, KOLE and ARD.
Mr. David Robinson argued the cause for appellant.
Mr. Richard C. Ehnert argued the cause for respondents (Messrs. Chasan, Leyner, Holland & Tarrant, attorneys).
The opinion of the court was delivered by KOLE, J.A.D.
In this wrongful death action plaintiff obtained a $150,000 judgment.
During the discovery phase of the proceeding she made several motions to compel defendants to provide her with various materials, including copies or reprints of articles written by defendants' proposed expert Dr. Rolf W. Roley, together with all photographs made of the engine involved and the scene of the accident. Included in the resulting court orders was a requirement that Roley produce copies of any articles or papers asked for by plaintiff or photocopies thereof, and submit an affidavit concerning those articles and publications which were unavailable, and "if he does not have a copy * * * but knows the * * * publication in which the same appeared, he shall supply the date, full name and publisher and submit an affidavit that the balance of said articles are unavailable."
Defendants, contending that they complied with the court orders and searched for and supplied all of the available requested information, forwarded to plaintiff Roley's bill for services and expenses for $630. When plaintiff refused to pay it, a motion was made by defendants to obtain an order compelling payment. The motion was supported by an *206 affidavit of Roley, which stated the claimed expenses as "costs" to his company, to himself and to his staff as follows:

 a. Rolf W. Roley, establishing location of materials and
 outlining a search method for a staff search for old
 publications and articles 80.00
 b. Secretarial time, Daphne Lord, typing and reassembling
 for copy purposes items which were located,
 18.5 hours at 3.25 60.00
 c. Associate's time, Robert D. Roley, searching records,
 old files, old reports, old magazines, etc., 45 hours
 at 5.00 225.00
 d. Actual duplication of materials, including patching of
 sheets, retyping and refiling: Rosa Brock, 24 hours
 at 4.25 100.00
 In addition to the above, we have expenses for photographs
 which was billed to you on June 27, 1974, in
 the amount of $165.00.
 27 photographs at 5.00 $135.00
 6 hours of lab time at 5.00 165.00
 _______
 $630.00

The motion was also supported by a certification of defendant's counsel.
Plaintiff's attorney, in opposition, submitted his own affirmation disputing the reasonableness of the charges and the adequacy of some of the material furnished. The affidavit was insufficient, since it contained hearsay and the opinion and argument of counsel. See R. 1:6-6.
At the hearing on the motion plaintiff's attorney claimed that some of the items were not requested or ordered, some of them were illegible or irrelevant to the issue in the case, and that the charges for the materials and photographs were excessive. Nevertheless, the court found that defendants had complied with the discovery orders obtained by plaintiff and that the charges were reasonable. It concluded that since defendants were asking for no more than the amount for which they were being billed, plaintiff was required to pay the full amount thereof. This appeal is from the resulting order.
*207 We have considered the record before us and are satisfied that, although the judge may have erred in determining the matter on the documents presented to him, there is no basis whatsoever for plaintiff's claim that his conduct was unjudicial or in violation of the Code of Judicial Conduct. R. 1:14.
In determining whether material sought by a litigant pursuant to a discovery order has been supplied, the basic document to be considered is the order requiring discovery, rather than the contents of the motion that occasioned it. See R. 4:23. If the order is broader in scope than the request contained in the motion, the order governs. Hence, plaintiff's contention that he received more than he sought is without substance.
We have concluded that defendants, by their written proofs on the motion for payment, have established substantial compliance with the discovery orders.
The discovery rules relating to the kind of materials here sought by a movant contemplate that the latter will pay the reasonable expenses incident to obtaining and reproducing them, including reasonable charges for the time, effort and reproduction cost involved. Generally, the matter should be determined in the exercise of its discretion by the court in the cause in which discovery is sought on motion, supported by adequate affidavits or similar written proofs. The actual charge to the party supplying the material may be evidential of the reasonableness thereof and in many, if not most, instances may be dispositive of the issue. But where the written evidence, by way of affidavits or otherwise, is not sufficient to make a fair determination of the issue, and, particularly where, as here, the reasonableness of the charges is challenged, the court should require that the proofs supporting the charges be set forth in detail so that an appropriate decision may be made. See R. 4:10-2 (d), 4:17-1, 4:17-4, 4:18-1, 4:23, and comments thereto in Pressler, New Jersey Court Rules (Gann Law Books); Rule 26(b) (4) (C) of Federal Rules of Civil *208 Procedure; Cotton v. Consolidation Coal Co., 457 F.2d 641, 646 (6 Cir.1972); Herbst v. International Tel. & Tel. Corp., 65 F.R.D. 528, 530 (D.C. Conn. 1975). Compare the counsel fee rule, R. 4:42-9 (b); Cohen v. Fair Lawn Dairies, 44 N.J. 450, 452 (1965), aff'g 86 N.J. Super. 206, 215 (App. Div. 1965). See also, In re Seabrook, 127 N.J. Super. 135, 147 (App. Div. 1974); In re Bloomer, 37 N.J. Super. 85, 94 (App. Div. 1955), 43 N.J. Super. 414 (App. Div. 1957), certif. den. 23 N.J. 667 (1957).
The difficulty in the present case is the lack of detail supplied by defendants' written supporting proofs. For this reason we have some doubt as to the reasonableness of some of the charges, primarily those relating to the photographs, notwithstanding the inadequacy of the affirmation by plaintiff's attorney in opposition to the motion.
Under these circumstances the appropriate procedure is to reverse the order and afford the parties an opportunity before the court below to file further written proofs by way of affidavit or otherwise.
More particularly, defendants should set forth in detail, among other things, (1) the method of computing each charge made; (2) the extent of the search for and copying of materials, who did the work involved, where the work was performed and the usual standard for evaluating the expense of such services and reproduction, and (3) the reasons for charging $5 per photograph and six hours of "lab" time at $5 an hour in connection therewith. Plaintiff's written proofs should contain admissible detailed evidence supporting the claimed unreasonableness of the charges contested.
In this fashion the trial judge will be able to make an informed judgment as to the reasonableness of the charges and expenses to be paid by plaintiff.
Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction. No costs.