195 N.J. Super. 468 (1984)
480 A.2d 236
STATE OF NEW JERSEY, PLAINTIFF,
v.
DAVID SMITH, DEFENDANT.
Superior Court of New Jersey, Law Division Mercer County.
Decided June 6, 1984.
*470 Angelo Ferrante, for plaintiff (Philip S. Carchman, Mercer County Prosecutor, attorney).
Richard Niemiec for defendant (Thiele and Hermes, attorneys).
LENOX, A.J.S.C.
Defendant contends the charge that he stole three pieces of bubble gum has been blown out of proportion. "Truly trivial cases are rarely prosecuted." State v. Hegyi, 185 N.J. Super. 229, 233 (Law Div. 1982). The issue of whether this case is an exception is a sticky one which invites analysis.
Defendant is charged with shoplifting (N.J.S.A. 2C:20-11) by "concealing merchandise of three (3) pieces of bazooka bubble gum valued at $.15 with the intention of depriving the merchant of the full retail value (thereof)." He has moved before the assignment judge for a dismissal of the prosecution under N.J.S.A. 2C:2-11(b), entitled "De minimis infractions," which reads:
The assignment judge may dismiss a prosecution if, having regard to the nature of the conduct charged to constitute an offense and the nature of the attendant circumstances, it finds that the defendant's conduct:
b. Did not actually cause or threaten the harm or evil sought to be prevented by the law defining the offense or did so only to an extent too trivial to warrant the condemnation of conviction;
Defendant is enrolled as a fulltime student at Trenton State College where he is pursuing a degree in electrical engineering. On March 8, 1984, he entered a "7-11" grocery store. He first selected three pieces of bubble gum and slipped them into his pocket. After selecting his other purchases he went to the register at the checkout counter where he was apprehended by the store manager. The police were summoned and he was arrested and charged on the complaint which was signed by the manager. The record is unclear as to whether he was accused by the manager before paying for his purchases. He had not yet left the store premises.
*471 In his certification in support of the motion defendant further contends that he placed the bubble gum in his pocket "for convenience," as he was carrying a large AM-FM portable radio weighing 10 pounds and intended to purchase other items. The offense charged under N.J.S.A. 2C:20-11(b)(2) is complete upon concealment of the merchandise purposely with the proscribed intention. Since defendant's allegation in this regard is contrary to the charge in the complaint it must be disregarded. This motion is to be decided on the basis of the State's contention regarding the commission of the offense and uncontroverted facts of record. A defendant's innocence may not be adjudicated by motion filed pursuant to the statute. State v. Brown, 188 N.J. Super. 656, 671 (Law Div. 1983); but see State v. Hegyi, supra, and State v. Evans, 193 N.J. Super. 560 (Law Div. 1984) to the contrary.
Defendant acknowledges the other sections of the statute (that the conduct was within a customary license or tolerance, or that it presents other extenuations not envisaged by the Legislature) are inapplicable. He further concedes that he has no recourse under the other criterion of section (b) as the conduct charged did "actually cause or threaten the harm or evil sought to be prevented by the law defining the offense." His sole contention is that it "did so only to an extent too trivial to warrant the condemnation of conviction." In short, he asserts that his conduct was de minimis within the meaning of the statute.[1]
The Legislature has committed the resolution of this question to the discretion of the assignment judge. State v. Brown, supra at 672-674. The intention of the Legislature to do so is highlighted by the use of the word "may" rather than "shall" in the statute. This is a change from the language of *472 the Model Penal Code on which the statute was based. However, this "discretion is not an arbitrary or personal (one) to be exercised according to the whim or caprice of the individual judge." McFeely v. Pension Comm'rs of Hoboken, 1 N.J. 212, 215 (1948), nor may it be arbitrary, vague or fanciful. State v. Standard Oil, 5 N.J. 281, 308 (1950), aff'd 341 U.S. 428, 71 S.Ct. 822, 95 L.Ed. 1078 (1950). Judicial discretion means sound discretion guided by established principles of law, Beronio v. Pension Comm. of Hoboken, 130 N.J.L. 620, 623 (E. & A. 1943), which the court has a duty to follow. State v. Hunter, 4 N.J. Super. 531, 536 (App.Div. 1949), on remand 12 N.J. Super. 128 (App.Div. 1951).
While "sympathetic considerations play no part in a determination under" the de minimis statute, State v. Brown, supra 188 N.J. Super. at 670, an objective consideration of surrounding circumstances is authorized. "Judicial discretion ... takes into account ... the particular circumstances of the case before the court." Higgins v. Polk, 14 N.J. 490, 493 (1954). Defendant has no prior history of arrest or conviction. Were the contrary true that fact would militate against dismissal of the complaint. His certification evidences the serious consequences to him which a conviction would entail. Upon graduation from college he will seek a career in the electronics field. Defense contractors for the Federal government are major employers of graduate engineers. Security clearance is often a requisite to employment and a record of conviction in this case could cause career problems for him for years to come. He is an industrious young man. He engages in parttime employment while attending classes and fulltime employment in the summer to assist in the payment of his educational costs. And he has suffered substantial detriment in his personal life from the notoriety given his arrest. Not only have there been local newspaper articles and even an editorial regarding his case, but the story was distributed widely by the Associated Press. While these are considerations tangential to the "defendant's conduct" on which the statute focuses they take on *473 special significance in a close case such as this. "The exercise of judicial discretion implies conscientious judgment ...," In re Koretzky, 8 N.J. 506, 535 (1951), and requires that each fact in the surrounding circumstances receive the consideration to which it is entitled.
In State v. Park, 55 Hawaii 610, 525 P.2d 586 (Sup.Ct. 1974), in discussing factors to be considered on a motion under an almost identical de minimis statute, the court stated:
We think that before the code's § 236 can be properly applied in a criminal case, all of the relevant facts bearing upon the defendant's conduct and the nature of the attendant circumstances regarding the commission of the offense should be shown to the judge. See People v. Davis, 55 Misc.2d 656, 286 N.Y.S.2d 396 (1967). Such a disclosure would then enable the judge to consider all of the facts on this issue, so that he can intelligently exercise a sound discretion, consistent with the public interest, whether to grant the dismissal of a criminal case, based upon the standards set forth in the Hawaii Penal Code § 236. [55 Hawaii at 616, 525 P.2d at 591]
This case involved an indictment against primary election candidates for failure to file, within the statutory time period, mandated statements of expenses incurred. While indicating that the factors recited were not exclusive, the court found appropriate for consideration: the background, experience and character of the defendant which may indicate whether he knew or ought to have known of the illegality; the knowledge of the defendant of the consequences to be incurred upon violation of the statute; the circumstances concerning the offense; the resulting harm or evil, if any, caused or threatened by the infraction; the probable impact of the violation upon the community; the seriousness of the infraction in terms of punishment, bearing in mind that punishment can be suspended; mitigating circumstances as to the offender; possible improper motives of the complainant or prosecutor; and any other data which may reveal the nature and degree of the culpability in the offense committed by the defendant.
N.J.S.A. 2C:2-11(b) directs that in making his determination the assignment judge shall have "regard to the nature of the conduct charged to constitute an offense and the nature of the *474 attendant circumstances." Emphasis supplied. Defendant's conduct was not intended to be the sole criterion. Motions to dismiss a prosecution based upon identical unlawful conduct by two different individuals, when considered in the light of the attendant circumstances might justify the granting of one and denial of the other. Every surrounding fact is entitled to consideration, not for its sympathetic import, but for such legitimate influence it may have in honoring the legislative intent. While there is nothing "trivial" in the retail theft of a minor item by a professional shoplifter, there may be in an aberrative "isolated excursion beyond the pale of the law," State v. Ivan, 33 N.J. 197, 202 (1960), by an otherwise reputable and law-abiding citizen.
The State has argued that to dismiss the prosecution of this defendant will grant a license to other students to shoplift with impunity. This is not a realistic likelihood in this case. The consequences which have already attended the arrest of this defendant are more punitive than those which would follow conviction. The prospect of the public humiliation suffered by this student is certainly a forceful deterrent to the youths in his academic community. Those to whom the deterrent effect of a judgment of conviction would be directed have been instructed at defendant's expense. They have learned that a trivial violation has visited upon a fellow student the condemnation of arrest and charge if not conviction, shame before his family, friends and peers, local and national newspaper publicity, damage to his reputation, and legal expenses countless times greater than the insignificant items he is charged with having taken unlawfully. To say that in the face of these consequences a statutory dismissal of the complaint found to be in conformity with the legislative intent would invite others to shoplift is sophistry. The conviction if imposed would be anticlimatic, and the minor penalty which might be imposed would pale in significance to that already endured.
*475 It is true that a legitimate goal of a criminal prosecution has long been the deterrence to the commission of similar unlawful acts by others. Redmount, "Some Basic Considerations Regarding Penal Policy," 49 Journal of Criminal Law, Criminology and Police Science 426 (1959); N.J.S.A. 2C:44-1(a)(9). Deterrence is, however, but a factor for consideration in any case. It cannot itself justify making a sacrificial lamb of the most minor of offenders. This is especially so when there are others available for prosecution whose offenses are not trivial. Were there evidence that shoplifting of small items of merchandise by students or other youths was an epidemic problem in the store where this event occurred or in the general area, it would be a significant countervailing factor for consideration on this motion. However, the State produced no affidavit, certification or other evidence in opposition to that filed by defendant. Arguments by the State unsupported in the record are improper. R. 1:6-6; Smithey v. Johnson Motor Lines, 140 N.J. Super. 202, 206 (App.Div. 1976).
Counsel have joined issue on whether the Legislature intended to authorize the dismissal of a prosecution of this nature. The role of the court in construing any statute is to give effect to the legislative purpose. State v. Carter, 64 N.J. 382, 390 (1974). The goal against which the section of the statute is to be tested is found in the recommendation of the Criminal Law Revision Commission to the Legislature in the final report issued October, 1971. The Commission commented:
In criminal law enforcement, many agencies exercise discretion as to the appropriateness of prosecution in a particular case. The police constantly must make decisions as to whether to arrest or, after arrest, whether to proceed with the case. Thereafter, both the prosecutor and the Grand Jury are charged with the obligation of determining both the sufficiency of the evidence to proceed and the appropriateness of doing so. Further, at least as to the Municipal Courts, experience has shown that judges will, on occasion, enter a finding of not guilty even in the face of proven guilt because, under the circumstances, a conviction is considered to be inappropriate.
The drafters of the MPC summarize all of this as a "kind of unarticulated authority to mitigate the general provisions of the criminal law to prevent absurd applications." In order to bring this exercise of discretion to the *476 surface and to be sure that it is exercised uniformly throughout the judicial system, this Section of the Code has been included.
Countless filed complaints charging offenses of greater magnitude than that involving this defendant are routinely dismissed by prosecutors under the authority of R. 3:25-1. Thus, the Legislature has indicated by its enactment that the exercise of similar discretion by assignment judges comports with, rather than offends, its statutory definition of unlawful conduct under the Code of Criminal Justice.
Further evidence of the legislative purpose is found in a later portion of the same commentary.
Subsection b is the situation where the conduct literally comes within the Section as drafted but only to an extent which is too trivial to warrant the condemnation of a conviction. Attributing common sense to the Legislature, it would not have intended the prosecution of every single instance even though there is a technical violation of the statute. [The New Jersey Penal Code, Final Report of the New Jersey Criminal Law Revision Commission, vol. II, Commentary at 74].
Having commissioned a study of the proposed legislation and enacted this section into law it is reasonable to assume that the lawmakers found a need for it in the extant prosecution of trivial offenses. A prosecution for "stealing a penny dropped in the street," an example suggested in State v. Hegyi, supra 185 N.J. Super. at 233 is not of a nature likely to ever occur nor to have motivated the Legislature to enact the law. Furthermore, such a prosecution would invoke the prior section of the statute (N.J.S.A. 2C:2-11(a)) authorizing a dismissal when the conduct is "within a customary license or tolerance." A statute is to be interpreted to give effect to each section. Peper v. Princeton Univ. Bd. of Trustees, 77 N.J. 55, 68 (1978). Section (b) was intended to abort prosecutions of more serious import. Viewed from that perspective it is difficult to envision a prosecution more acceptable to the Legislature for the invocation of the discretion granted the assignment judge than one for the theft of three pieces of bubble gum. In the milieu of bubble gum pilferage the only cases more trivial are those involving two pieces or one. It is difficult to conclude the lawmakers *477 would have intended the dividing line to be drawn at three. It would seem the larceny of a single piece of bubble gum would fall within the statutory intendment of a trivial offense. Does then the theft of three pieces remove the actor's conduct from the scope of discretionary protection afforded? In a case involving substantially different conduct and attending circumstances perhaps it would; in this case it does not.
The exercise of the discretion granted to the assignment judge is "controlled by the will of the law-making body," Beronio v. Pension Comm. of Hoboken, supra 130 N.J.L. at 623. The Legislature has by its enactment indicated its intention that trivial matters should be dismissed when the "condemnation of conviction" is not warranted. The use of the word condemnation is significant. It means reprobation or censure. The Legislature in recognition of the serious consequences which may attend a conviction has granted this dismissal option to avoid an injustice in a case of technical but trivial guilt. The goal of a judge in exercising judicial discretion is a just result. Kavanaugh v. Quigley, 63 N.J. Super. 153, 158 (App.Div. 1960). He is to "use the authority reposed in him when the essential requisites for its exercise exist and the justice of the course is apparent." Cortese v. Cortese, 10 N.J. Super. 152, 158 (App. Div. 1950). This is such a case.
Motion granted.
NOTES
[1] The term de minimis appears in the headnote but not in the statute. See State v. Brown, supra, for an analysis of why contrary to ordinary principles of statutory interpretation the headnote of this statute is appropriate for consideration in ascertaining legislative intent.