200 N.J. Super. 14 (1985)
490 A.2d 320
BRENDA HENRY, PLAINTIFF-APPELLANT,
v.
SHOPPER'S WORLD, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Submitted February 19, 1985.
Decided March 18, 1985.
*15 Before Judges MORTON I. GREENBERG and GAYNOR.
Isabelle R. Strauss, for appellant.
Fischer, Kagan, Ascione & Zaretsky, for defendant (Allen Susser, on the brief).
*16 PER CURIAM.
Plaintiff appeals from a summary judgment dismissing her complaint for false imprisonment and defamation arising from a suspected shoplifting incident. She contends the court erred in finding that defendant had probable cause for detaining plaintiff and concluding there were no factual issues concerning the reasonableness of the detention precluding a summary disposition of the complaint. We disagree and affirm.
The circumstances surrounding the incident giving rise to this action are not in dispute. On December 23, 1981 plaintiff was a customer in defendant's store. A security guard observed her in the ladies department looking at clothes and taking some off the racks for a closer inspection, but not trying them on. While observing plaintiff, the guard noticed that she was wearing a coat with a tag fastened to its back. When he saw her leaving the store without making any payment for the coat, he stopped her outside the store and asked her to return and show that she had purchased the coat. Plaintiff accompanied the guard to a room in the rear of the store and was then questioned by the guard and the store manager. Plaintiff explained that she had purchased the coat the preceding day at defendant's store and apparently had failed to remove all of the tags. The tag on the coat was a "fact" tag indicating size, or inspection, or garment content. Testimony differs as to whether the receipt for the coat was available, with the manager indicating that plaintiff said it was at home and could be produced, and plaintiff stating that she told the manager the receipt had been thrown away as she was satisfied with the fit of the coat. After about 30-45 minutes, plaintiff was permitted to leave. During the period of questioning plaintiff had telephoned her sister who met her outside the store. The two women then returned to discuss the matter further with the store personnel.
Plaintiff claims, as she was not hiding or otherwise concealing the coat, defendant's employee could not have possessed probable cause to believe that plaintiff was willfully concealing *17 unpurchased merchandise. Accordingly, she argues defendant is not entitled to the immunity granted to merchants by N.J.S.A. 2C:20-11(e). Additionally, it is contended that the reasonableness of the detention presented a factual issue precluding a summary disposition of the matter. Plaintiff also asserts the court's resolution of the issue of reasonableness was clouded with partiality.
Defendant's position is that, under the circumstances, it had probable cause to detain the plaintiff as a suspected shoplifter and that the period of detention was reasonable, thereby entitling it to the statutory immunity from civil liability provided by N.J.S.A. 2C:20-11(e). It further claims there were no genuine issues of material facts and the issues were properly decided by the court in a summary manner.
As indicated, this case involves the interpretation and application of N.J.S.A. 2C:20-11(e), which states:
A law enforcement officer, or a special officer, or a merchant, who has probable cause for believing that a person has willfully concealed unpurchased merchandise and that he can recover the merchandise by taking the person into custody, may, for the purpose of attempting to effect recovery thereof, take the person into custody and detain him in a reasonable manner for not more than a reasonable time, and the taking into custody by a law enforcement officer or special officer or merchant shall not render such person criminally or civilly liable in any manner or to any extent whatsoever.
Because of the seriousness of the shoplifting problem, this court has concluded that such a statute must be construed in a manner reasonably calculated to carry out its objective of protecting the merchant from shoplifting and safeguarding the innocent customer. Cooke v. J.J. Newberry & Co., 96 N.J. Super. 9, 18 (App.Div. 1967). It is well known that the losses due to shoplifting, and the expense incurred in protecting against it, constitute a major cost in the operation of a retail store. While a merchant may not act without cause in attempting to protect against thievery, the prevalence of shoplifting cannot be ignored in considering the reasonableness of his actions. We understand that this was what the trial court had in mind in indicating sympathy for the plight of defendant, rather than suggesting prejudice in favor of defendant.
*18 Plaintiff's claim that the circumstances of this incident did not give defendant probable cause to detain her because she was not hiding the coat is based upon a too narrow and literal interpretation of the terms of the statute. Although the word "conceal" may be defined as "to hide, to withdraw from observation, to cover or to keep from sight," Webster's Unabridged International Dictionary (Bicentennial Encyclopedic Edition), to construe the terms of N.J.S.A. 2C:20-11(e) in accord with such definition would subvert the intent and purpose of this legislation. A statute must be interpreted sensibly, rather than literally, with the purpose and reason for the legislation being controlling. Suter v. San Angelo Foundry & Machine Co., 81 N.J. 150, 160 (1979). Often, the surest path to misconstruction is a literal reading of a statute. N.J. Bd. of Architects v. Armstrong, 89 N.J. Super. 358, 360 (App.Div. 1965). In keeping with the objectives of this legislation, the term "concealed unpurchased merchandise" need not be limited to merchandise which is hidden or out of sight. Rather, it may be construed as applying to items in plain view but worn or carried as though they had been purchased. The interpretation suggested by plaintiff would impermissibly limit the protection afforded by the statute. Thus, plaintiff's wearing of the coat did not preclude defendant's security guard from having reasonable cause to believe that the coat had not been purchased. Under the circumstances, probable cause existed for the detention of plaintiff as a suspected shoplifter.
Plaintiff's reliance on Coblyn v. Kennedy's Inc., 359 Mass. 319, 268 N.E.2d 860 (Sup.Ct. 1971), is misplaced as there the ascot which plaintiff put on was not tagged, as was the coat in the present case. The absence of any indication that the merchandise was "unpurchased" justified the conclusion of the court that there were no reasonable grounds for believing that the defendant-customer was shoplifting.
We also agree with the trial court's determination that, as a matter of law, the 30-45 minutes plaintiff was detained was not *19 such an unreasonable period of time as to deny defendant the protection provided by the statute. Although the testimony differed as to the length of time plaintiff was detained, accepting plaintiff's version, which we assume was done by the trial court, eliminated any factual dispute as to this issue for the purposes of the motion. Considering the time required for some discussion concerning plaintiff's explanation and the availability of the receipt for the coat's purchase, the reporting of the incident to the owner of the store and the placing of a telephone call by plaintiff to her sister, the period of plaintiff's detention was not unreasonable. We have previously determined that detaining a suspected customer for 27 minutes was not an unreasonably long time. Cooke v. J.J. Newberry & Co., 96 N.J. Super. at 18. There was no indication that any other aspect of plaintiff's detention would affect the immunity provided by the statute.
As defendant had probable cause for detaining plaintiff and acted reasonably in effecting the detention, a dismissal of plaintiff's complaint asserting claims for defamation and false imprisonment was warranted in view of the statutory immunity which extended to all manner of civil or criminal liability. The summary judgment dismissing the complaint is affirmed.