774 A.2d 539

STATE OF NEW JERSEY, PLAINTIFF–APPELLANT, v. BARBARA EVANS, DEFENDANT–RESPONDENT.

Superior Court of New Jersey
Appellate Division

Submitted March 26, 2001—Decided April 27, 2001.

Before Judges PETRELLA, NEWMAN and WELLS.

*William H. Schmidt*, Bergen County Prosecutor, attorney for appellant, (*David V. Calviello*, Assistant Prosecutor, of counsel and on the brief).

No brief was filed on behalf of respondent.

The opinion of the court was delivered by

PETRELLA, P.J.A.D.

The Bergen County Prosecutor's Office appeals the dismissal by the Law Division, on defendant Barbara Evans' motion, of a shoplifting summons as *de minimis* pursuant to *N.J.S.A.* 2C:2–11b.

On appeal, the State contends that the judge erred in considering certain of defendant's statements for their truth and as evidence of innocence, and by deeming certain facts relevant and others irrelevant to the consideration of the triviality aspect of the matter under *N.J.S.A.* 2C:2–11b. The State argues that, considering the facts in a light most favorable to the State, and assuming, for purposes of the motion to dismiss on *de minimis* grounds, that the conduct alleged actually occurred, the judge abused her discretion in granting the motion.

On July 27, 1999, defendant Barbara Evans was arrested and issued a complaint-summons in the Borough of Paramus for shoplifting at a Saks store in violation of *N.J.S.A.* 2C:20–11b(2). On November 15, 1999, Evans filed a motion to dismiss the

summons as a *de minimis* infraction pursuant to *N.J.S.A.* 2C:2–11b.

After the submission of documents, both parties relied on their papers at argument. The judge held that, considering all the circumstances surrounding the offense and Evans' lack of a criminal history, the infraction was *de minimis* and granted Evans' motion to dismiss.

The facts are gleaned in large part from the incident report submitted by a store detective which was relied upon by the State and defendant. In addition, the judge considered a certification by Evans' attorney and a surveillance tape.[1]

On July 27, 1999, at approximately 7:09 p.m., Evans entered the Saks Off Fifth Avenue Outlet Store in Paramus and headed towards the accessories department. She picked up a bow hair accessory with a retail value of $12.90 from a display with a sign stating "please do not try on hair accessories." Evans then went to the customer service desk on the lower level of the store pulling her cart, which contained some packages, and holding the item in her hand. While waiting at the customer service desk (apparently to return items) she removed the backing from the bow, which contained the item's SKU number and price, and placed the bow and the backing into her shirt pocket. Shortly thereafter, she took the bow out of her pocket and put it into her hair. She proceeded to return certain items at the customer service desk, but did not purchase the hair bow.

Evans then went to the women's department, where she spent about one hour and fifteen minutes trying on clothing. At approximately 9:00 p.m., Evans went to the checkout and purchased various items, but did not pay for the hair bow. Receipts provided

---

[1] The certification of the attorney with attached brief and exhibits and the videotape were not originally submitted with the appellate record. We requested and obtained copies because they were part of the record before the judge on the motion. We have reviewed each item. The judge relaxed *R.* 1:6–6 pursuant to *R.* 1:1–2 and considered the certification, but only with respect to those facts which were undisputed.

to the motion judge by Evans indicated that she purchased $592.30 in merchandise, but not the hair bow. In a subsequent search of the dressing room, the store detective found the backing to the hair bow underneath a pile of clothes Evans had tried on.

After purchasing the items, Evans went up the stairs and exited the store without having paid for the hair bow, which was still in her hair. As she left through the store doors, Evans was apprehended outside by the store detective and two door guards. She initially refused to re-enter the store and told the store detective that she must have forgotten to pay for the bow and offered to pay for it. Once she was brought into the security office she became verbally abusive, refused to provide any personal information, and refused to sign any paperwork. The Paramus police were called and when they arrived Evans was abusive to the officers and eventually was placed under arrest.

█ *N.J.S.A.* 2C:2–11 provides:

The assignment judge may dismiss a prosecution if, having regard to the nature of the conduct charged to constitute an offense and the nature of the attendant circumstances, it finds that the defendant's conduct:

\* \* \*

b. Did not actually cause or threaten the harm or evil sought to be prevented by the law defining the offense or did so only to an extent too trivial to warrant the condemnation of conviction....

The statute, referred to as the *de minimis* statute, vests the assignment judge with discretion to dismiss certain charges to avoid an absurd application of the penal laws. *State v. Sorge,* 249 *N.J.Super.* 144, 148, 591 *A.*2d 1382 (Law Div.1991) (citing *The New Jersey Penal Code, Final Report of the Criminal Law Revision Commission* (1971), vol. II, *Commentary* at 74). No reported appellate case has heretofore considered the standard of review of *de minimis* matters under the penal code and the discretion afforded the assignment judge by the statute. We are here called upon to consider whether there was a mistaken exercise of discretion in the grant of the motion.

█ Subsection b of the *de minimis* statute permits dismissal where the conduct charged: (1) "Did not actually cause or threaten the harm sought to be prevented" or (2) was "too trivial to warrant the condemnation of conviction." Evans' conduct, the taking of a hair bow from a store without paying, clearly causes the harm sought to be prevented by the shoplifting statute, *N.J.S.A.* 2C:20–11. Hence, the only question is whether it was too trivial.

█ In considering whether an infraction is *de minimis* due to triviality, the judge must assume "that the conduct charged actually occurred." *State (Harris) v. Cabana,* 315 *N.J.Super.* 84, 716 *A.*2d 576 (Law Div.1997), *aff'd,* 318 *N.J.Super.* 259, 723 *A.*2d 635 (App.Div.1999). The question is not whether the defendant is innocent or guilty of the offense charged, but whether "the nature of the conduct charged and the attendant circumstances" indicate that the offense was too trivial to warrant prosecution. *N.J.S.A.* 2C:2–11; *see State v. Zarrilli,* 216 *N.J.Super.* 231, 236, 523 *A.*2d 284 (Law Div.), *aff'd,* 220 *N.J.Super.* 517, 532 *A.*2d 1131 (App.Div. 1987); *State v. Smith,* 195 *N.J.Super.* 468, 472–473, 480 *A.*2d 236 (Law Div.1984). Hence, the statute clearly contemplates the consideration of factors beyond the alleged conduct. *State (Harris) v. Cabana, supra,* 315 *N.J.Super.* at 86, 716 *A.*2d 576; *State v. Smith, supra,* 195 *N.J.Super.* at 474, 480 *A.*2d 236.

█ The reported Law Division cases do not reveal a consistent approach to determining which factors are relevant to an analysis of the triviality aspect of the statute. In *State v. Zarrilli, supra,* 216 *N.J.Super.* at 236, 523 *A.*2d 284, the court stated that triviality is gauged by "the risk of harm to which society is exposed by defendant's conduct." *Accord State v. Wells,* 336 *N.J.Super.* 139, 763 *A.*2d 1279 (Law Div.2000). In addition to assertedly "inappropriate factors" such as guilt, causing or threatening the harm sought to be prevented, and possibly sentencing considerations,[2]

---

[2] We do not agree with the statement that these factors are inappropriate.

regarding triviality *Zarrilli* mentioned some "subordinate" factors relevant to determining the risk of harm to society:

(a) The circumstances surrounding the commission of the offense....

(b) The existence of contraband.

(c) The amount and value of the property involved.

(d) The use or threat of violence.

(e) The use of weapons.

[*Zarrilli, supra,* 216 *N.J.Super.* at 240, 523 *A.*2d 284.]

While acknowledging the list was not exhaustive, *Zarrilli* concluded that certain factors, such as speculation as to a defendant's propensity to commit future crimes, deterrence, and the defendant's individual characteristics, were irrelevant to a finding of triviality. Background and character were considered "doubtful indications of the trivial" which could in certain circumstances apply to support or defeat triviality. *Id.* at 238–239, 523 *A.*2d 284. The test ultimately applied was the risk of harm to society by the conduct of the actor.

Other cases have taken a broader approach to the triviality analysis than that in *Zarrilli,* stating that "every surrounding fact is entitled to consideration." *State (Harris) v. Cabana, supra,* 315 *N.J.Super.* at 86, 716 *A.*2d 576; *State v. Smith, supra,* 195 *N.J.Super.* at 474, 480 *A.*2d 236. Applied in the context of shoplifting, the court in *Smith* adopted this broad approach. There, the defendant was prosecuted for shoplifting three pieces of bubble gum from a convenience store. *Id.* at 470, 480 *A.*2d 236. The court dismissed the offense as trivial based on the amount stolen, the fact that the defendant had no criminal record, the public embarrassment he had already suffered, the damage to his reputation as an aspiring engineer, and the legal expenses he had already incurred. *Id.* at 474, 480 *A.*2d 236. The court held that the amount stolen is only one factor to be considered in the analysis and it is not determinative because there is no arbitrary line dividing merchandise which is trivial to shoplift and that which is not. *Id.* at 476–477, 480 *A.*2d 236. Instead, the court emphasized the individual characteristics of the defendant.

.

Here, the judge considered the *Zarrilli* factors in determining that the offense was too trivial to warrant conviction. In considering the circumstances surrounding the offense the judge erroneously noted that Evans did not attempt to conceal the bow. Placing an object in the pocket or wearing it while exiting the store is considered concealment. *See Henry v. Shopper's World,* 200 *N.J.Super.* 14, 18, 490 *A.*2d 320 (App.Div.1985).

Additionally, the judge considered that Evans had purchased $592.30 worth of clothing that evening, that she had told the store detective she had forgotten to pay for the bow and offered to pay for it, and that apparently Evans had no criminal record. Applying the remaining *Zarrilli* factors, the judge found there was no contraband or weapons involved and there was no use or threat of violence. With respect to Evans' verbally abusive and uncooperative behavior, the judge concluded that the conduct may have formed the basis for a separate offense such as resisting arrest, but was irrelevant to the triviality analysis of the shoplifting offense.

Initially, the State argues that the judge did not consider Evans' conduct in a light most favorable to the State and erroneously considered her "attempts at exculpation" for their truth, allowing the *de minimis* motion to become a forum for guilt or innocence. It argues that Evans' statements that she forgot to pay for the item and would pay for it were considered by the judge for their truth and improperly considered as evidence of Evans' innocence.

Contrary to the State's assertion, there is no indication that the judge considered Evans' statements as anything other than the circumstances surrounding the offense. Noting that both parties relied on the store detective's report, the judge accepted the report as uncontroverted evidence that the statements were made. In other words, the judge accepted as true that Evans *said* she forgot to pay for the item and offered to pay for it after being stopped by the store detective, but at no point indicated that Evans had in fact forgotten to pay. On the contrary, the judge specifically stated that "[she must] accept for purposes of this

motion that the conduct charged actually occurred." Thus, there is no support for the State's claim that the judge improperly considered these factors as evidence of Evans' innocence.

Turning to the question of triviality, we note that attempts to define triviality by a monetary amount are fraught with potential dangers. The proposition, for example, that shoplifting items of a certain value or less, say $13 or less in this case, would send the wrong message. For first offenders it could be seen as an authorization to shoplift below that amount. For merchants it would be a potential nightmare.

Nevertheless, there is no adequate definition of triviality, nor is there in this case any satisfactory explanation by the judge as to why the stated factors warrant a finding of triviality in this shoplifting matter. Evans' statements do not indicate that her conduct was any more trivial than had she not made those statements. Similarly, there is no sound basis for a finding of triviality simply because Evans made legitimate purchases totaling $592.30. Such evidence may support a claim of innocence, but assuming the conduct occurred, Evans' additional purchases are irrelevant. Nor would the fact that Evans did not "conceal" the bow, if we accepted that erroneous finding,[3] indicate that the offense was any less trivial than if she walked out with the item hidden in her shirt.

It is similarly irrelevant that there was no contraband or weapons involved and no violence or threat of violence. While those factors may indeed be relevant in certain circumstances, they are generally unlikely in typical shoplifting cases and their absence hardly indicates triviality.

The judge also gave weight to the lack of a prior criminal history. As is apparent from above, our reported trial level cases

---

[3] It is clear from the record that Evans put the item in her pocket and later put it in her hair. As noted, *Henry v. Shopper's World*, 200 *N.J.Super.* 14, 18, 490 A.2d 320 (App.Div.1985), considered placing an item in the pocket to constitute concealment.

are split as to the extent to which criminal history is an appropriate factor to take into account. *State v. Smith, supra,* 195 *N.J.Super.* 468, 480 *A.*2d 236, indicated that it is permissible to take into account individual characteristics such as criminal history in analyzing triviality. However, *State v. Zarrilli, supra,* 216 *N.J.Super.* at 239, 523 *A.*2d 284, noted that "[i]ndividual background and character are sentencing considerations and doubtful indicators of the trivial."

We agree, as stated in *Smith,* that prior criminal history may be taken into account in determining triviality, particularly where the ruling called for involves some discretion. It is also true, as *Zarrilli* indicates, that prior criminal history is a factor the judge takes into account when meting out punishment, *see N.J.S.A.* 2C:44-1a(6), and it does not necessarily end the analysis of triviality. We accept *Zarrilli's* view that what is most important is the risk of harm to society of defendant's conduct. Here, unlike the one sip of beer at a church function involved in *Zarrilli,* shoplifting is considered a serious offense. The seriousness of the shoplifting problem has long been acknowledged in our cases. *See Liptak v. Rite Aid, Inc.,* 289 *N.J.Super.* 199, 212, 673 *A.*2d 309 (App.Div.1996); *Henry v. Shopper's World, supra,* 200 *N.J.Super.* at 18, 490 *A.*2d 320; *Cooke v. J.J. Newberry & Co.,* 96 *N.J.Super.* 9, 18, 232 *A.*2d 425 (App.Div.1967).

In sum, the factors relied upon by the judge reveal little, if any, basis to support a finding of triviality. Most importantly, those factors fail to distinguish the instant shoplifting offense from any other shoplifting offense and hence, dismissal of the offense as *de minimis* was a mistaken exercise of discretion.

Reversed and remanded.