NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R. 1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-1454-15T1

US BANK NATIONAL ASSOCIATION,
as Trustee for CMLTI 2006-WF2,

 Plaintiff-Respondent,

v.

RACHELLE MATTHEWS,

 Defendant-Appellant,

and

ROBERT GEBHARDT,

 Defendant-Respondent.

______________________________________

 Argued January 24, 2017 – Decided November 28, 2017

 Before Judges Fisher and Leone.

 On appeal from Superior Court of New Jersey,
 Chancery Division, Union County, Docket No.
 F-059626-09.

 Rebecca Schore argued the cause for appellant
 (Jurow & Schore, LLC, attorneys; Ms. Schore
 and Margaret Jurow, on the briefs).

 Henry F. Reichner argued the cause for
 respondent US Bank National Association (Reed
 Smith, LLP, attorneys; Mr. Reichner, on the
 brief).

 The opinion of the court was delivered by

LEONE, J.A.D.

 Defendant Rachelle Matthews appeals from the October 7, 2015

final judgment of foreclosure. She challenges a May 29, 2015

order allowing plaintiff US Bank National Association to reinstate

its foreclosure complaint. We affirm.

 I.

 In January 2006, Matthews and defendant Robert Gebhardt, who

is now deceased, obtained a $346,750 loan from Wells Fargo Bank.

Defendants executed a note and a mortgage on their property in

Union, which were assigned to US Bank, with Wells Fargo continuing

to service the loan. Defendants defaulted in their payments in

August 2009.

 US Bank filed a foreclosure complaint in November 2009. On

April 30, 2010, the Chancery Division struck defendants' answer

and defenses, ordered default be entered, and transferred the

action to the Office Of Foreclosure to be handled as an uncontested

matter.

 On December 20, 2010, the Chancery Division issued to Wells

Fargo and other mortgage servicers an order to show cause why the

court should not suspend the processing of all uncontested mortgage

 2 A-1454-15T1
foreclosure actions in which they were or had been involved. The

order was based on concerns about the accuracy and reliability of

documents submitted to the Office of Foreclosure. After addressing

that issue in US Bank Nat. Ass'n v. Guillaume, 209 N.J. 449 (2012),

our Supreme Court issued an April 4, 2012 order authorizing further

proceedings by order to show cause to determine whether plaintiffs

in uncontested foreclosure actions with deficient notices should

be allowed to serve corrected notices.

 In August 2013, the clerk's office told US Bank its action

would be dismissed for lack of prosecution unless US Bank showed

exceptional circumstances. US Bank's counsel certified that the

case could not proceed until the order-to-show-cause process

concluded. On September 13, 2013, the clerk's office ordered

pursuant to Rule 4:64-8 that the action was "dismissed without

prejudice due to lack of prosecution. Reinstatement of the matter

after dismissal may be requested by a motion for good cause."

 In August 2014, US Bank filed a motion to vacate the dismissal

and reinstate the complaint. The court's September 5, 2014 order

conditionally granted the motion. The order provided the action

"shall be reinstated upon the filing of a Motion for Final Judgment

. . . not later than 120 days for the date of the . . . order."

The order stated that if US Bank failed to file the motion, then

the action "will remain dismissed and the Plaintiff shall be

 3 A-1454-15T1
required to file and serve a new complaint in order to foreclose

on the subject premises." US Bank did not file the motion for

final judgment, and the action remained dismissed.

 In April 2015, US Bank filed a second motion to vacate the

dismissal and reinstate the complaint. US Bank's counsel certified

that US Bank "was unable to proceed from December 29, 2014, to

February 6, 2015, due to a loss mitigation hold, precluding

plaintiff from applying for Final Judgment within the permissible

time frame as per the reinstatement order. The hold is now removed

and Plaintiff may now proceed toward Final Judgment."

 Matthews opposed the motion. She certified she had submitted

her "most recent application for a loan modification to Wells

Fargo in or around November 2014," that "Wells Fargo never sent

me a written notice telling me that my application was either

complete or incomplete as required by law," that "Wells Fargo

never sent me a notice approving or denying my application for a

loan modification," and therefore that the "'loss-mitigation' hold

should still be pending."

 In reply, US Bank's counsel submitted a certification

attaching: a January 2, 2015 letter telling defendants that to

process their loan modification application Wells Fargo would need

additional information by February 1, 2015; and a February 4, 2015

letter telling defendants that because Wells Fargo had not received

 4 A-1454-15T1
the required documentation to complete the application, it was not

able to offer loan modification assistance.

 On May 29, 2015, the trial court conditionally granted US

Bank's motion to vacate dismissal. In its statement of reasons,

the court cited the certifications of Matthews and US Bank's

counsel. In particular, the court cited counsel's certification

that US Bank placed the loss mitigation hold on December 29, 2014,

which the court noted was "within the 120 days the Plaintiff had

to submit an entry for final judgment." The court found "that the

review of a loss mitigation packet by the Defendant, which would

benefit the Defendant, constitutes good cause to permit the

Plaintiff to reinstate the complaint" "pursuant to R. 4:64-8."

 The court's May 29 order provided the action "shall be

reinstated upon the filing of a Motion for Final Judgment . . .

not later than 150 days for the date of the . . . order."1 Within

150 days, US Bank filed a motion for final judgment, which the

trial court granted on October 7, 2015.

 II.

 Defendants appealed. US Bank argues that as defendants listed

only the final October 7 order in their notice of appeal, they

cannot appeal the interlocutory May 29 order. Under Rule 2:5-

1
 We denied Matthews's motion for leave to appeal the May 29 order.

 5 A-1454-15T1
1(f)(3)(A), "'it is only the orders designated in the notice of

appeal that are subject to the appeal process and review.'"

Petersen v. Meggitt, 407 N.J. Super. 63, 68 n.2 (App. Div. 2009)

(citation omitted). Defendant's "case information statement,

however, makes clear that" they sought to challenge the May 29

order, which we had denied them leave to appeal. Tara Enters.,

Inc. v. Daribar Mgmt. Corp., 369 N.J. Super. 45, 60 (App. Div.

2004). In those circumstances, we exercise our discretion to

review the May 29 order. See W.H. Indus., Inc. v. Fundicao

Balancins, Ltda, 397 N.J. Super. 455, 459 (App. Div. 2008).

 "Our review of an order [grant]ing reinstatement of a

complaint dismissed for lack of prosecution proceeds under an

abuse of discretion standard." Baskett v. Kwokleung Cheung, 422

N.J. Super. 377, 382 (App. Div. 2011). We must hew to our standard

of review.

 III.

 Matthews argues US Bank failed to show good cause to vacate

dismissal and reinstate the foreclosure action because its motion

was based on inadmissible hearsay in the certifications by US

Bank's counsel. However, Matthews's certification agreed with the

key statements in the initial certification of US Bank's counsel.

First, Matthews agreed that defendants had filed a loan

modification application within the 120 days in which the trial

 6 A-1454-15T1
court's September 5, 2014 order gave US Bank to file a motion for

final judgment. Second, Matthews's certification agreed her

application resulted in a "loss-mitigation hold" that barred US

Bank from moving for a final judgment of foreclosure. When the

parties agree on a fact, the court may consider that undisputed

fact. See State v. Evans, 340 N.J. Super. 244, 247 n.1 (App. Div.

2001); see also Pressler & Verniero, Current N.J. Court Rules,

comment on R. 1:6-6 (2018) (stating stipulated facts are

cognizable).2

 Those undisputed facts were sufficient to justify the trial

court's finding of "good cause" for US Bank's failure to file a

motion for a final judgment of foreclosure during that period. R.

4:64-8. As the court found, the loss-mitigation hold during the

120-day period allowed defendants' loan modification application

to be reviewed. Moreover, federal regulations bar the filing of

such a motion if a complete application has been filed, and provide

a procedure to allow an applicant the opportunity to submit a

complete application.

 "If a borrower submits a complete loss mitigation application

. . . , a servicer shall not move for foreclosure judgment or

2
 At oral argument before us, Matthews agreed defendants had
applied for a loan modification which prevented US bank for filing
for a final judgment.

 7 A-1454-15T1
order of sale, or conduct a foreclosure sale," unless a specified

exception applies. 12 C.F.R. § 1024.41(g) (2014). "Promptly upon

receipt of a loss mitigation application, [the bank shall] review

the loss mitigation application to determine if the loss mitigation

application is complete; and . . . [n]otify the borrower in writing

within 5 days . . . that the servicer has determined that the loss

mitigation application is either complete or incomplete." 12

C.F.R. § 1024.41(b)(2)(i)(A), (B) (2014). "If a loss mitigation

application is incomplete, the notice shall state the additional

documents and information the borrower must submit to make the

loss mitigation application complete" as well as "a reasonable

date by which the borrower should submit the documents and

information necessary to make the loss mitigation application

complete." 12 C.F.R. § 1024.41(b)(2)(i)(B), (ii) (2014).

 Given the federal regulations, the trial court properly found

US Bank had "good cause" not to file a motion for final judgment

of forfeiture within 120 days of the September 5, 2014 order. R.

4:64-8. Because defendants filed a loan modification application

during that period, the resulting loss-mitigation hold meant that

US Bank could "not move for foreclosure judgment or order of sale,

or conduct a foreclosure sale." 12 C.F.R. § 1024.41(g) (2014).

 Rule 4:64-8 "follows R. 1:13-7." Pressler & Verniero, Current

N.J. Court Rules, comment on R. 4:64-8 (2018). As under Rule

 8 A-1454-15T1
1:13-7, good cause "'requires the exercise of sound discretion in

light of the facts and circumstances of the particular case.'"

Ghandi v. Cespedes, 390 N.J. Super. 193, 196 (App. Div. 2007)

(citation omitted). Moreover, "'reinstatement is ordinarily

routinely and freely granted when plaintiff has cured the problem

that led to the dismissal even if the application is made many

months later.'" Ibid. (citation omitted). "[A]bsent a finding

of fault by the plaintiff and prejudice to the defendant, a motion

to restore under the rule should be viewed with great liberality."

Id. at 197.

 Neither fault nor prejudice has been shown here. US Bank was

not at fault because it could not file a motion for final judgment

within the 120 days once defendants submitted their loan

modification application. Matthews has shown no prejudice from

the delay, during which her application was reviewed and she was

able to remain in the house without making payments. Thus, we

find no abuse of discretion.

 IV.

 US Bank's counsel also certified that the loss-mitigation

"hold is now removed and plaintiff may now proceed toward final

judgment," and supported that assertion with the letters attached

to his reply certification. Matthews argues that this assertion

 9 A-1454-15T1
by US Bank's counsel was inadmissible hearsay, and that the trial

court improperly relied on it.

 However, there is no indication the trial court relied on

that assertion. The court does not mention it in its statement

of reasons. Moreover, the court could properly grant US Bank's

motion without relying on that assertion.

 The issue before the trial court on the motion to vacate

dismissal and reinstate the forfeiture action was whether US Bank

had good cause not to file a motion for final judgment within 120

days of the September 13 order. As set forth above, US Bank showed

good cause because under the loss-modification hold it could "not

move for foreclosure judgment or order of sale, or conduct a

foreclosure sale." 12 C.F.R. § 1024.41(g) (2014).

 "Nothing in § 1024.41(g) prevents a servicer from proceeding

with the foreclosure process" in other ways, "so long as any such

steps in the foreclosure process do not cause or directly result

in the issuance of a foreclosure judgment or order of sale, or the

conduct of a foreclosure sale, in violation of § 1024.41." 12

C.F.R. Part 1024 (Supp. I, Official Bureau Interpretation, cmt. 2

to 41(g)). Thus, § 1024.41(g) did not bar US Bank from filing a

motion to vacate dismissal and reinstate, and in that motion US

Bank did not have to show the hold had been lifted.

 10 A-1454-15T1
 Of course, until the hold was lifted, US Bank could not file

a motion for a final judgment of foreclosure. However, the trial

court gave US Bank 150 days to file that motion, and US Bank did

not file that motion for four months. That gave ample time to

lift the hold if it was still pending.

 In any event, the record before the trial court indicated the

loss-mitigation hold had been lifted before US Bank filed its

motion to vacate dismissal and reinstate the forfeiture action.

Not only did US Bank's counsel certify the hold had been lifted,

but the letters attached to his reply certification supported that

conclusion.

 The letters indicated the procedures in the federal

regulations were followed. See 12 C.F.R. § 1024.41(b)(2)(i)(A) &

(B), (ii) (2014). The January 2, 2015 letter told defendants

their loan modification application was incomplete, specified the

documents needed to make the application complete, and gave

defendants thirty days to submit those documents by February 1,

2015. When defendants failed to do so, the February 4, 2015 letter

notified them it would not provide loan modification assistance.

This supported the initial certification by US Bank's counsel that

the loss-mitigation hold was removed February 6, 2015.

 Matthews did not deny the authenticity of either letter.

Instead, she argued the letters were hearsay and that they were

 11 A-1454-15T1
not properly served on her. However, in his initial certification,

US Bank's counsel certified that he "personally reviewed" and was

"familiar with the records maintained by our firm in the ordinary

course of business in connection with our representation of

Plaintiff in this matter," and that he had "personal knowledge of

the facts set forth herein based upon that review." Moreover, the

lifting of the hold under 12 C.F.R. § 1024.41 was arguably a legal

matter peculiarly within the personal knowledge of counsel.

Further, in his reply certification, US Bank's counsel certified

each letter was "a true and accurate copy." Finally, the January

2 letter stated it was addressed to defendants and sent to the

counsel who had represented defendants, and the February 4 letter

stated it was addressed and sent to defendants.

 We need not resolve whether the certification of US Bank's

counsel that the hold was removed was "made on personal knowledge,

setting forth only facts which are admissible in evidence." R.

1:6-6. We also need not determine whether the letters attached

to his reply certification constituted hearsay or were admissible

business records. See New Century Fin. Servs., Inc. v. Oughla,

437 N.J. Super. 299, 317-19, 325-29 (App. Div.), certif. denied,

218 N.J. 531 (2014); Higgins v. Thurber, 413 N.J. Super. 1, 21

n.19 (App. Div. 2010); N.J.R.E. 803(c)(6). Nor need we resolve

whether the letters were properly sent to and received by

 12 A-1454-15T1
defendants. Those matters go to whether the hold was lifted, an

issue that the trial court did not have to resolve in order to

grant the motion to vacate dismissal and reinstate.

 Matthews was not prejudiced by reinstatement because she

could have raised those issues in opposition to US Bank's

subsequent motion for final judgment by arguing that the loss-

mitigation hold was still in place, that the certification that

it was removed was based on inadmissible hearsay, and that the

letters which removed it were not sent to her. Nothing in the

record indicates Matthews opposed the motion for final judgment

or raised those arguments. Her failure to raise those matters

then does not entitle her to invalidate the trial court's earlier,

valid order to vacate dismissal and reinstate.

 Matthews's remaining arguments, including her argument about

dual tracking, are without sufficient merit to warrant discussion.

R. 2:11-3(e)(1)(E); see U.S. Bank Nat. Ass'n v. Curcio, 444 N.J.

Super. 94, 113-14 (App. Div. 2016) (rejecting a similar dual-

tracking argument). We need not address US Bank's other arguments.

 Affirmed.

 13 A-1454-15T1