**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1814-19T4

STATE OF NEW JERSEY,

     Plaintiff-Appellant,

       v.

STACY D. JACKSON,

     Defendant-Respondent.

_____

> Submitted June 3, 2020 – Decided July 1, 2020
>
> Before Judges Koblitz, Whipple and Gooden Brown.
>
> On appeal from the Superior Court of New Jersey, Law Division, Criminal Part, Morris County, Complaint No. S-2018-0355-1436.
>
> Matthew W. Kelly, Assistant Prosecutor, argued the cause for appellant (Fredric M. Knapp, Morris County Prosecutor, attorney; Matthew W. Kelly, on the brief).
>
> Sara B. Liebman argued the cause for respondent (Caruso Smith Picini PC, attorneys; Timothy R. Smith, of counsel; Sara B. Liebman, on the brief).

PER CURIAM

On leave to appeal granted, the State seeks a reversal of the trial court's January 3, 2020 order dismissing the charge of obstruction of justice, N.J.S.A. 2C:29-1(a), as de minimis pursuant to N.J.S.A. 2C:2-11. Defendant was charged after he refused to lower his car window and exit his vehicle when ordered to do so during a motor vehicle stop. Assignment Judge Stuart A. Minkowitz found that defendant's behavior did not "rise to the level of obstructive conduct that the statute was intended to prevent." The court found defendant's actions to be trivial and noted that "convicting him would do more harm than good." We affirm substantially for the reasons expressed in Judge Minkowitz's thorough written reasons attached to his order. We add the following brief discussion.

I.

Following a motor vehicle stop, defendant was charged with obstruction of justice and issued motor vehicle summonses for careless driving, N.J.S.A. 39:4-97, and failure to observe a stop sign, N.J.S.A. 39:4-144. The police investigation report reveals the following.

On December 17, 2018, Officer Matthew Hill of the Roxbury Township Police Department was on patrol when he observed a dark-colored Ford Edge, later identified as being driven by defendant, fail to stop at a stop sign and cut in front of

another car. Hill turned on his overhead lights and defendant eventually stopped in the center of a parking lot.

Hill approached the passenger side of defendant's car, rather than the driver's side, because the rear windows of the Ford were tinted and he was unable to determine how many people were in the car. After looking in the rear passenger side window, Hill determined that defendant was the only person in the car. Hill then knocked on the closed passenger side window instructing defendant to lower the window. Defendant refused to lower the window and demanded that Hill speak with him on the driver's side of the car. Hill asked defendant to lower the window a second time, to which defendant responded, "you can come to this side and fucking talk to me." Hill requested assistance from additional patrol units. After waiting a few minutes, Hill knocked again and asked defendant to lower the passenger window. Defendant again refused to comply, and asked Hill to come to the driver's side to speak with him.

Hill proceeded to the driver's side and asked defendant to exit the car twice. Defendant refused, stating, "I'm not getting out of this car you fucking racist." Hill then informed defendant that if he did not comply, he would be arrested. Defendant responded, "fine, then fucking arrest me." At this point, Hill told defendant he would

3

be placed under arrest, opened the driver's side door, grabbed defendant's right wrist and directed him to the side of the car where he was handcuffed.

N.J.S.A. 2C:2-11 "vests the assignment judge with discretion to dismiss certain charges to avoid an absurd application of the penal laws." State v. Evans, 340 N.J. Super. 244, 248 (App. Div. 2001). As the decision to dismiss on de minimis grounds is discretionary, we review the decision for an abuse of discretion. See ibid. Our review of the trial court's legal conclusions is de novo. Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995).

## II.

The obstruction statute provides:

> A person commits an offense if he [or she] purposely obstructs, impairs or perverts the administration of law or other governmental function or prevents or attempts to prevent a public servant from lawfully performing an official function by means of flight, intimidation, force, violence, or physical interference or obstacle, or by means of any independently unlawful act. This section does not apply to failure to perform a legal duty other than an official duty, or any other means of avoiding compliance with law without affirmative interference with governmental functions.
>
> [N.J.S.A. 2C:29-1(a).]

A-1814-19T4

Our Supreme Court has recently held that "to find criminal liability under N.J.S.A. 2C:29-1 requires an affirmative act or some affirmative interference." State v. Fede, 237 N.J. 138, 149 (2019).

In Fede, the Court reversed the defendant's conviction under N.J.S.A. 2C:29-1(a) for refusing to unchain the lock on his door to permit police entry into his home. 237 N.J. at 149. The Court determined that Fede's "refusal to remove the already-fastened chain lock required no physical effort; it was not an act." Ibid. The plain meaning of "affirmative" requires effort. Ibid. In its analysis, the Court focused on the difference between an affirmative act and the failure to act. Id. at 149-50. The Court stated:

> By the structure and the terms of the obstruction statute, the attempt to create an obstacle is distinct from a failure to act. Here, Fede did not undertake an affirmative act. He did not learn of the officers' need to enter his home and then attempt to prevent that entry. His use of the ordinary door-chain-lock was his standard practice, not a circumstantial reaction to the officers' knock. . . . Although Fede's refusal to remove the lock to allow the officers to perform their necessary, lawful, and focused search is not an advisable course of action and could have escalated the situation, it was not criminal.
>
> [Id. at 150.]

The State takes issue with the trial court's reliance on Fede because, unlike Fede, who was in his home, defendant was subject to a lawful motor vehicle stop.

The Court, however, did not rely on the sanctity of the home in determining that Fede did not obstruct justice. Defendant refused to lower his window just as Fede refused to remove the chain lock on his door. Officer Hill then opened the driver's side door, removed defendant by grabbing his right wrist and placed him in handcuffs. The police report does not state that defendant tried to prevent Hill from opening the door, or that defendant resisted arrest once he was removed from the car. The Fede Court distinguished a previous case where the defendant's attempt to slam and lock the door on officers after announcing their reason for entry constituted obstruction because it was an attempt to "prevent the officers' entry 'by means of . . . physical interference or obstacle.'" Ibid. (quoting State v. Reece, 222 N.J. 154, 172 (2015)). The Court concluded that Fede "did not try to prevent the officers from breaking the chain, offering no physical resistance once the officers broke the chain" and "complied with instructions to wait outside his home while the search was conducted." Ibid.

Applying the Court's reasoning in Fede, Judge Minkowitz reasonably found that defendant's use of coarse language and his refusal to lower the window or exit the car were not affirmative acts or an interference that would result in criminal liability under the obstruction statute.

6

III.

The statute governing de minimis motions states:

> The assignment judge may dismiss a prosecution if, having regard to the nature of the conduct charged to constitute an offense and the nature of the attendant circumstances, it finds that the defendant's conduct:
>
> a. Was within a customary license or tolerance, neither expressly negated by the person whose interest was infringed nor inconsistent with the purpose of the law defining the offense;
>
> b. Did not actually cause or threaten the harm or evil sought to be prevented by the law defining the offense or did so only to an extent too trivial to warrant the condemnation of conviction; or
>
> c. Presents such other extenuations that it cannot reasonably be regarded as envisaged by the Legislature in forbidding the offense. The assignment judge shall not dismiss a prosecution under this section without giving the prosecutor notice and an opportunity to be heard. The prosecutor shall have a right to appeal any such dismissal.
>
> [N.J.S.A. 2C:2-11.]

In deciding a de minimis motion, the court must accept the factual allegations as true and focus on "not whether the defendant is innocent or guilty of the offense charged, but whether 'the nature of the conduct charged and the attendant circumstances' indicate that the offense was too trivial to warrant prosecution." Evans, 340 N.J. Super. at 249 (quoting N.J.S.A. 2C:2-11). When determining

7

triviality, the court should consider all relevant circumstances and the most important is "the risk of harm to society of defendant's conduct." Id. at 253.

The State argues that the court abused its discretion when it failed to consider all the relevant factors and instead considered irrelevant and inappropriate factors, such as defendant's embarrassment caused by a public arrest and the risk of losing his job. The State contends that the court failed to consider the most important factor, the risk of harm to society of defendant's conduct, and asserts that defendant's actions pose a high risk to the public, in particular police officers. The State warns of the danger of setting a precedent that allows citizens to disobey lawful police orders during a motor vehicle stop.

Officer safety is of great concern during motor vehicle stops and officers have the authority to order the driver out of the car. State v. Smith, 134 N.J. 599, 610 (1994). The trial court has the discretion, however, to dismiss a prosecution if it finds it too trivial to warrant prosecution. If the defendant's conduct "[d]id not actually cause or threaten the harm or evil sought to be prevented by the law defining the offense or did so only to an extent too trivial to warrant the condemnation of conviction" then the judge may dismiss the prosecution. N.J.S.A. 2C:2-11(b).

N.J.S.A. 2C:29-1(a) describes means of obstruction as "flight, intimidation, force, violence, or physical interference or obstacle, or by means of any

independently unlawful act." The court found that defendant's "demeanor did not affirmatively prevent Hill from effecting the traffic stop or communicating with [d]efendant, nor did [d]efendant resist once Hill announced that he would be arrested." The court properly concluded that defendant's conduct "does not rise to the level of obstructive conduct that the statute was intended to prevent."

The court analyzed defendant's conduct under the obstruction statute and considered defendant's two prior convictions, the most recent occurring in 2006, the risk of losing his job as a result of a new conviction, and the financial support he provides for his two daughters. After weighing these factors, Judge Minkowitz granted defendant's motion to dismiss as de minimis. This decision was well within the assignment judge's discretion.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1814-19T4